# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
03/11/2024
CT Log Number 545956375

Email Notification,  Lex Wells  awells@bakerdonelson.com

Email Notification,  Natalie Mellon  natalie.mellon@mbusa.com

Email Notification,  Lance Arnott  sopverification@wolterskluwer.com

**REGISTERED AGENT CONTACT:**         C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-401-8252
LargeCorporationTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Mar 11, 2024
**Server Name:**                             DROP SERVICE

| Entity Served | MERCEDES-BENZ USA, LLC |
|---|---|
| Case Number | 24SMCV00935 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Hovanes Margarian, SBN 246359
hovanesm@margarianlaw.com
Armen Margarian, SBN 313775
armenm@margarianlaw.com
Shushanik Margarian, SBN 318617
shushanik@margarianlaw.com
THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff
MARIAM DANIELYAN

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/29/2024 5:26 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Elder, Deputy Clerk

*3/11/24*

*11:38 am*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF LOS ANGELES, WEST JUDICIAL DISTRICT

| | |
|---|---|
| MARIAM DANIELYAN, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; SONIC SANTA MONICA M, INC., a California Corporation; and DOES 1 through 30, inclusive,<br><br>        Defendants. | Case No.: 24SMCV00935<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

///

///

///

///

///

///

///

///

///

///

**COMPLAINT**

NOW COMES Plaintiff MARIAM DANIELYAN, an individual, by and through Plaintiff's attorneys of record, The Margarian Law Firm, with Plaintiff's Complaint for Damages against Defendants MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; SONIC SANTA MONICA M, INC., a California Corporation; and DOES 1 through 30, inclusive, alleges and affirmatively states as follows:

**PARTIES**

1.   Plaintiff MARIAM DANIELYAN is and was at all times relevant herein an individual residing in Los Angeles County, State of California and leased the new 2023 Mercedes-Benz EQS 450+ bearing the Vehicle Identification Number 4JGDM2DB7PA000901 ("Subject Vehicle") in the State of California.

2.   Defendant MERCEDES-BENZ USA, LLC ("Manufacturer") is and was, at all times relevant herein, a Delaware Limited Liability Company authorized to do business in the State of California and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Manufacturer is also in the business of marketing, supplying, and selling written warranties to the public at large through a system of authorized dealerships, including SONIC SANTA MONICA M, INC. Manufacturer does business in all counties of the State of California.

3.   Defendant SONIC SANTA MONICA M, INC., a California Corporation, is and was at all times relevant herein doing business as W I SIMONSON, located at 1626 Wilshire Boulevard, Santa Monica, CA 90403 ("Dealership"). Dealership was at all times relevant herein a dealership authorized to do business in the State of California and is engaged in the sale, and distribution of motor vehicles pursuant to the laws of the state of California.

4.   Manufacturer, Dealership, and DOES 1 through 30, inclusive, are collectively hereby referred to as "Defendants".

**BACKGROUND**

5.   On or about 03/30/2023, Plaintiff leased from Dealership for valuable consideration the Subject Vehicle manufactured by Manufacturer. (A true and correct copy of the California Motor Vehicle Lease Agreement ("Lease Agreement") is attached hereto and marked as "Exhibit A".)

-2-

6.     The agreed upon value of the Subject Vehicle was Ninety-Four Thousand Seven Hundred Sixty-Six Dollars and No Cents ($94,766.00). The total of payments under the lease totals Thirty-Seven Thousand Two Hundred Forty-Four Dollars and Fifty-Four Cent ($37,244.54).

7.     In consideration for the Lease Agreement, Manufacturer issued and supplied to Plaintiff several written warranties, including a four (4) year and fifty thousand (50,000) mile factory warranty, as well as other stated warranties fully outlined in the Manufacturer's Warranty Booklet.

8.     On or about 03/30/2023, Plaintiff took possession of the Subject Vehicle and shortly thereafter experienced the various defects listed below that substantially impair the use, value, and safety of the Subject Vehicle.

9.     The defects listed below violate the express written warranties issued to Plaintiff by Manufacturer, as well as the implied warranty of merchantability.

10.     Plaintiff brought the Subject Vehicle to Manufacturer's authorized repair facilities for various defects, including, but not limited to, the following:

- Defective windshield wiper motor assembly – over one (1) failed repair attempt;
- Defective infotainment system software – over one (1) failed repair attempt;
- Defective advanced driver-assistance system ("ADAS") software – over one (1) failed repair attempt;
- Defective power steering control unit software – over one (1) failed repair attempt;
- Defective power steering column module – over one (1) failed repair attempt;
- Defective multifunction camera software – over one (1) failed repair attempt;
- Defective traction control unit software – over one (1) failed repair attempt;
- Defective long-range radar – over one (1) failed repair attempt;
- Defective front right digital headlamp control unit software – over one (1) failed repair attempt;
- Defective front left digital headlamp control unit software – over two (2) failed repair attempts;
- Defective left headlight – over one (1) failed repair attempt;
- Defective left headlamp range adjustment control unit – over one (1) failed repair attempt;

1       • Any additional complaints made by Plaintiff, whether or not they are contained in
2       Defendants' records or on any repair orders.

3    11.   Plaintiff provided Defendants sufficient opportunities to repair the Subject Vehicle.

4    12.   Plaintiff brought the Subject Vehicle to Manufacturer's authorized repair facilities for repair
5    on three (3) occasions. (True and correct copies of the Subject Vehicle's repair orders are attached herein
6    and marked as "Exhibit B".)

7       a.  04/20/2023: Plaintiff brought the Subject Vehicle to Keyes European, located and doing
8       business at 5400 Van Nuys Blvd, Van Nuys, CA 91401. ("Keyes European") for repair
9       because "Windshield wiper malfunction" message appeared on the dashboard of the
10      Subject Vehicle. The personnel at Keyes European found a fault code (B237904) related
11      to the malfunction of the wiper motor of the Subject Vehicle, therefore, replaced the
12      windshield wiper motor assembly of the Subject Vehicle. Moreover, Plaintiff complained
13      that "Blind spot assist" message appeared on the dashboard of the Subject Vehicle. The
14      personnel at Keyes European found a fault code (U015587) related to the malfunction of
15      the instrument cluster of the Subject Vehicle, therefore, updated the infotainment system
16      software of the Subject Vehicle. Plaintiff also complained that when turning on the Subject
17      Vehicle, "Cruise control wheel assistance malfunction" message would appear on the
18      dashboard of the Subject Vehicle. The personnel at Keyes European found a fault code
19      (U0420EC) related to the implausible data being received from the power steering control
20      unit of the Subject Vehicle, therefore, updated the ADAS software of the Subject Vehicle.
21      The Subject Vehicle was at Keyes European for a total of one hundred twenty-six (126)
22      days. The Subject Vehicle had one thousand six (1,006) miles on it at the time of repair.

23      b.  01/03/2024: Plaintiff brought the Subject Vehicle to Keyes European for repair because
24      the left and right turn signals malfunction indicator lights of the Subject Vehicle came on.
25      The personnel at Keyes European were unable to duplicate Plaintiff's complaint.
26      Moreover, Plaintiff complained that the lane change assist malfunction indicator light of
27      the Subject Vehicle came on. The personnel at Keyes European found a fault code
28      (U041629) in the multifunction camera related to the implausible data being received from

the traction control unit of the Subject Vehicle, found available software update for the long-range radar of the Subject Vehicle. However, the long range radar failed to process after the respective update. Therefore, they performed hard reset for the camera and for the long range radar of the Subject Vehicle. Plaintiff also complained that the left low beam malfunction indicator light of the Subject Vehicle came on. Upon inspection the personnel at Keyes European found a fault code (B1D0B12) related to the malfunction of the front right and front left digital headlamp control unit of the Subject Vehicle. Therefore, the personnel updated the front right digital headlamp control unit software of the Subject Vehicle. The Subject Vehicle was at Keyes European for a total of three (3) days. The Subject Vehicle had nine thousand two hundred seventy-six (9,276) miles on it at the time of repair.

c. 01/15/2024: Plaintiff brought the Subject Vehicle to Keyes European for repair because the front right turn signal, the left turn signal and the left headlight of the Subject Vehicle were not working. The personnel at Keyes European a found code (U11A00) related to the front left digital headlamp control unit of the Subject Vehicle. Therefore, replaced the left headlamp range adjustment control unit of the Subject Vehicle. The Subject Vehicle was at Keyes European for a total of five (5) days. The Subject Vehicle had nine thousand seven hundred one (9,701) miles on it at the time of repair.

13.    The Subject Vehicle has been at Manufacturer's authorized repair facilities undergoing repairs for at least one hundred thirty-four (134) days.

14.    Manufacturer, through its authorized repair facilities, was unable and/or failed to repair the Subject Vehicle within a reasonable number of attempts.

15.    As of the present date, the Subject Vehicle still has ongoing problems that were never resolved despite repair attempts.

16.    Employees at Manufacturer's authorized repair facilities allegedly performed repairs and performed complimentary vehicle inspections of the Subject Vehicle, but there was no change in the defective parts, and the Subject Vehicle remains defective.

17.    Plaintiff justifiably lost confidence in the Subject Vehicle's reliability and said defects have

1   substantially impaired the use, value, and/or safety of the Subject Vehicle to Plaintiff.

2       18.    As a result of said defects, Plaintiff revoked acceptance of the Subject Vehicle in writing on

3   01/22/2024. (The true and correct copies of the said letter and the envelopes are attached hereto and

4   marked as "Exhibit C".)

5       19.    At the time of revocation, the Subject Vehicle was in substantially the same condition as at

6   the delivery except for damage caused by its own defects and ordinary wear and tear.

7       20.    To date, Defendants have failed to accept Plaintiff's demand for revocation and have refused

8   to provide Plaintiff with the remedies Plaintiff is entitled to upon revocation.

9       21.    The Subject Vehicle remains in a defective and unmerchantable condition and continues to

10  exhibit the above-mentioned defects that substantially impair its use, value, and/or safety.

11      22.    Plaintiff has and will continue to be financially damaged due to Defendants' failure to comply

12  with the provisions of its express and implied warranties.

13                          **FIRST CAUSE OF ACTION**

14                             FRAUD AND DECEIT

15                            *(Against All Defendants)*

16      23.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

17  Plaintiff's Complaint for Damages.

18      24.    The particularity requirement for fraud requires the pleading of facts showing how, when,

19  where, to whom, and by what means the representations were made. (*Stansfield v. Starkey*, 220 Cal.All.3d

20  59, 73 (1990).) Every element of fraud herein with specificity have been plead as follows:

21              a.  How: Prior to Plaintiff's visit to Dealership on 03/30/2023, Defendants represented to

22                  Plaintiff that their vehicles were free from any latent defects. These representations

23                  were made in Manufacturer's New Vehicle Limited Warranty, as well as brochures,

24                  pamphlets, and other advertisement materials produced by Defendants.

25              b.  When: At the time of leasing the Subject Vehicle (on 03/30/2023) and prior to Plaintiff

26                  leasing the Subject Vehicle.

27              c.  Where: The discussions about the safety, quality, and reliability of the Subject Vehicle

28                  took place on Defendants' websites, in the New Vehicle Limited Warranty, in the

1    owner's manual, as well as other brochures, pamphlets, and advertisement materials

2    produced by Defendants.

3         d.   To Whom: The representations regarding the Subject Vehicle were made to Plaintiff.

4         e.   What Means: The discussions were made by the use of English language, simple

5              words. Defendants used their online websites as well as its owner's manuals and other

6              pamphlets and brochures to represent the Subject Vehicle as being free of defects.

7    25.   The requirement of specificity in a fraud action against a corporation requires Plaintiff to

8    allege the names of persons who made the allegedly fraudulent representations, their authority to speak,

9    to whom they spoke, what they said or wrote, and when it was said or written. *(Tarmann v. State Far*

10   *Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).)

11        **a.**  Names of Persons Who Made the Representations: The representations were made by

12             Defendants' executives, teams of advertising and marketing personnel, including, but

13             not limited to, Dimitris Psillakis, Chief Executive Officer at Manufacturer; Mo

14             Younis, General Manager at Dealership.

15        b.   Authority to Speak: Defendants' online and TV advertisements all invite consumers

16             to visit Dealership and speak with a representative regarding their vehicles. The

17             executives, by the very nature of their role within Defendants' companies, had the

18             authority to design and implement the fraudulent representations regarding the Subject

19             Vehicle, implement procedures to train Dealership personnel, and did do so in fact.

20        c.   To Whom they Spoke: The representations regarding the Subject Vehicle were made

21             to Plaintiff.

22        d.   What they Said or Wrote: Defendants represented to Plaintiff that the Subject Vehicle

23             was in excellent mechanical condition and free of any damages or defects. Defendants

24             further represented that the Subject Vehicle was merchantable, safe, reliable, and fit

25             for its ordinary purpose.

26        e.   When it Was Said or Written: Prior to the time Plaintiff leased the Subject Vehicle on

27             03/30/2023.

28   26.   Moreover, in line with *Committee on Children's Television, Inc. v General Foods Corp.*, 35

1   Cal.3d 197, 216 (1983), Defendants necessarily possess full information concerning the facts of the herein

2   controversy since Manufacturer designed the defective vehicles, trained all personnel on how to discuss

3   the defects when the vehicles are brought in for repair, and advertised the Subject Vehicle to the public

4   as safe, reliable, and fit for its ordinary purpose. Therefore, despite the heightened pleading standard in a

5   fraud case, in the present matter Defendants were well aware of the entire chain of events which has

6   culminated in this lawsuit.

7       27.     Cal. Civ. Code § 1710 identifies four kinds of fraud: (1) intentional misrepresentation, (2)

8   concealment, (3) false promise, and (4) negligent misrepresentation.

9       28.     Here, the fraud at hand is intentional misrepresentation and concealment.

10      29.     **Intentional misrepresentation** occurs when (a) a defendant represents to another that a fact

11  was true; (b) the representation was actually false; (c) the defendant knew the representation was false

12  (or was reckless about its truth); (d) the defendant intended the other person to rely on the statement; (e)

13  the other person did rely on the statement; and (f) the other person was harmed by the reliance. Cal. Civ.

14  Code, § 1710(1); *Lazar v. Superior Court* 12 Cal.4th 631, 638 (1996).

15      A. On 03/30/2023, Defendants, by and through their agents, intentionally misrepresented

16          material facts to Plaintiff, including, but not limited to, the following:

17          • That the Subject Vehicle was in excellent mechanical condition.

18          • That the Subject Vehicle was functionable and reliable.

19          • That the Subject Vehicle was safe and fit for its ordinary purpose.

20          • That the Subject Vehicle had no latent defect(s).

21          • That the Subject Vehicle was merchantable.

22      B. The aforementioned representations are clearly false.

23      C. Defendants made these representations knowing that they were false or made them

24          recklessly and without regard for their truth. Defendants had knowledge of these material

25          facts through sources not available to Plaintiff, including, but not limited to, pre-release

26          testing data, early consumer complaints about the aforementioned defects, testing

27          conducted in response to those complaints, aggregate data from Manufacturer's authorized

28          dealers, including dealer repair orders and high warranty reimbursement rates that can cost

-8-

in the thousand dollars for each vehicle, and from other internal sources. Defendants had a duty to disclose the defects because:

- Defendants knew the representations made to Plaintiff were false [and/or made the representations recklessly and without regard for its truth] because they knew the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. Defendants knew this by having their experts inspect the Subject Vehicle before and after the Subject Vehicle acquisition and by running the vehicle history.

- Alternatively, in making such misrepresentations and committing such wrongful acts, Defendants acted with the conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and wrongful acts. If Defendants did not know affirmatively that the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable, then they should not have stated otherwise.

D. Defendants intended for Plaintiff to rely on the statement, and subsequently intended to defraud Plaintiff, since they wanted Plaintiff to lease the Subject Vehicle despite its defects.

E. Plaintiff reasonably relied on Defendants' assurances that the Subject Vehicle was functionable, reliable, safe, and fit for its ordinary purpose.

- Such reliance upon misrepresentations, material omissions, and/or wrongful acts was justified and reasonable under the circumstances. Defendants are established businesses with positive reputations and reassuring infrastructures which put Plaintiff at ease. This gave Plaintiff no reason to mistrust Defendants.

- The representation from Defendants was material – a reasonable person would find it important to know that the Subject Vehicle was defective and was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. These factors affect the Subject Vehicle's reliability, lifespan, and value.

- The harm to Plaintiff was not otherwise inevitable or due to unrelated causes

because Plaintiff would simply not have leased the Subject Vehicle at all and/or would have paid much less for the Subject Vehicle.

F.  As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered damages for which relief is sought herein. Specifically, damages include all monthly payments made on the Subject Vehicle, and any and all incidental and consequential damages, as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

- Defendants intentionally misrepresented the Subject Vehicle. Plaintiff is therefore entitled to recission and restitution in an amount according to proof at trial.

- Plaintiff now owns a vehicle that has a diminished value as a result of Defendants' intentional misrepresentation of, and failure to timely disclose, the aforementioned defects and the serious safety and quality issues caused by Defendants' conduct.

- The value of the Subject Vehicle is diminished because any reasonable consumer will be reluctant to lease the Subject Vehicle for the same price upon an honest disclosure of its history and current condition.

- Defendants' conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff for her damages in an amount to be proven at trial, including, but not limited to, Plaintiff's lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the lease, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

30.  **Concealment** exists where a defendant (a) concealed or suppressed a material fact; (b) had

knowledge of this material fact; (c) that this material fact was not within reasonably diligent attention, observation, and judgment of a plaintiff; (d) that defendant suppressed or concealed this fact with the intention that the plaintiff be misled as to the true condition of the property; (e) that the plaintiff was reasonably so misled; and (f) that the plaintiff suffered a damage as a result.

A. On 03/30/2023, Defendants, by and through their agents, concealed, or suppressed material facts regarding the Subject Vehicle, including, but not limited to, the following:

- That the Subject Vehicle was not in excellent mechanical condition.
- That the Subject Vehicle was not functionable and reliable.
- That the Subject Vehicle was not safe and fit for its ordinary purpose.
- That the Subject Vehicle had latent defect(s).
- That the Subject Vehicle was unmerchantable.

B. Defendants made the representations knowing that they were false or made them recklessly and without regard for their truth. Defendants had knowledge of these material facts through sources not available to Plaintiff, including, but not limited to, pre-release testing data, early consumer complaints about the aforementioned defects, testing conducted in response to those complaints, aggregate data from Manufacturer's authorized dealers, including dealer repair orders and high warranty reimbursement rates that can cost in the thousands of dollars for each vehicle, and from other internal sources. Defendants had a duty to disclose the defects because they:

- Had exclusive and/or far superior knowledge and access to the facts, and knew the facts were not known to or reasonably discoverable by Plaintiff;
- Intentionally concealed the foregoing from Plaintiff;
- Made incomplete representations about the safety and reliability of the aforementioned defects, while purposefully withholding material facts from Plaintiff that contradicted these representations.

C. Defendants are industry experts in manufacture, sale, and distribution of motor vehicles and related equipment and services and therefore had knowledge of material facts regarding the Subject Vehicle. These material facts were not within reasonably diligent

attention, observation, and judgment of Plaintiff because Plaintiff has no professional expertise and very limited consumer experience in vehicle acquisition. Furthermore, Plaintiff was not an expert in vehicle inspection.

D. Defendants intentionally concealed and suppressed these material facts to falsely assure Plaintiff that the Subject Vehicle could perform safely, as represented by Defendants and reasonably expected by consumers.

- Defendants omitted these material facts, with the intention to deceive, defraud, and induce Plaintiff into acting in reliance on the representations Defendants had made to Plaintiff and to induce Plaintiff to lease the Subject Vehicle.

- Defendants actively concealed or suppressed these material facts, in whole or in part, to maintain a market for their vehicles, to protect/maximize their profits, and to avoid recalls that would hurt Defendants' businesses and cost Defendants money. They did so at the expense of Plaintiff.

E. Plaintiff was unaware of these omitted material facts and would not have acted as she did if she had known of the concealed or suppressed facts. Plaintiff did not receive the benefit of the bargain as a result of Defendants' fraudulent concealment.

- These omitted and concealed facts were material because they would be relied on by a reasonable person purchasing, leasing, or retaining a new or used motor vehicle, and because they directly impact the value of the Subject Vehicle acquired by Plaintiff.

- Whether Manufacturer's vehicles are functionable, reliable, safe, and/or fit for their ordinary purpose and whether Manufacturer stands behind its vehicles, are material concerns to a consumer.

- Plaintiff trusted Defendants not to lease her a vehicle that was defective or that violated federal law governing motor vehicle safety, and to uphold its recall obligations under the Lease Agreement and governing laws. Plaintiff has no reason to believe Defendants were hiding information during Plaintiff's inquiry about these facts.

PLAINTIFF'S COMPLAINT FOR DAMAGES

- Plaintiff asked about these facts. Defendants lied, made misrepresentations, and did not disclose what they knew about the Subject Vehicle's history and condition.

F.  As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered damages for which relief is sought herein. Specifically, damages include all monthly payments made on the Subject Vehicle under the Lease Agreement, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

- Defendants committed concealment. Plaintiff is therefore entitled to recission and restitution in an amount according to proof at trial.

- Plaintiff now owns a vehicle that has a diminished value because of Defendants' concealment of, and failure to timely disclose, the aforementioned defects, and the serious safety and quality issues caused by Defendants' conduct.

- The value of the Subject Vehicle is diminished because of the concealed negative facts about the value which will make any reasonable consumer reluctant to acquire the vehicle for the same price as paid by Plaintiff.

- Defendants' conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff for her damages in an amount to be proven at trial, including, but not limited to, Plaintiff's lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the lease, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

///

**SECOND CAUSE OF ACTION**

BREACH OF WRITTEN WARRANTY

PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

*(Against Manufacturer and Does 1 to 30)*

31.    Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

32.    Plaintiff acquired a consumer product and received the Subject Vehicle during the duration of a written warranty period as defined in 15 U.S.C. § 2301(6) applicable to the Subject Vehicle and is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

33.    Manufacturer is a business entity engaged in the business of making a consumer product directly available to Plaintiff.

34.    The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* is applicable to Plaintiff's Complaint in that the Subject Vehicle was manufactured and then sold/leased after July 4, 1975, and costs in excess of Ten Dollars ($10.00).

35.    Plaintiff's lease of the Subject Vehicle was accompanied by written factory warranties for any nonconformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the lease of the Subject Vehicle to repair the Subject Vehicle or take other remedial action free of charge to Plaintiff with respect to the Subject Vehicle if the Subject Vehicle failed to meet the specifications set forth in said undertaking.

36.    Said warranties were the basis of the bargain of the agreement between Plaintiff and Manufacturer for the lease of the Subject Vehicle to Plaintiff by and through Manufacturer's authorized dealers.

37.    Said acquisition of Plaintiff's Subject Vehicle was induced by, and Plaintiff relied upon, these written warranties.

38.    Plaintiff has met all of her obligations and preconditions as provided in the written warranties.

39.    Manufacturer's tender of the Subject Vehicle was substantially impaired to Plaintiff.

40.    Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiff,

1   constitutes a violation of 15 U.S.C. § 2301, *et seq.*

2       41.    As a direct and proximate result of Manufacturer's failure to comply with its express written

3   warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff is

4   entitled to bring suit for such damages and other equitable relief.

5                                    **THIRD CAUSE OF ACTION**

6                                  BREACH OF IMPLIED WARRANTY

7                          PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

8                                  *(Against Manufacturer and Does 1 to 30)*

9       42.    Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of

10   Plaintiff's Complaint for Damages.

11      43.    The Subject Vehicle acquired by Plaintiff was subject to an implied warranty of

12   merchantability as defined in 15 U.S.C. § 2301(7) running from Manufacturer to the intended consumer,

13   Plaintiff herein.

14      44.    Manufacturer is a supplier of consumer goods as a business entity engaged in the business of

15   making a consumer product directly available to Plaintiff.

16      45.    Pursuant to 15 U.S.C. § 2308(a), Manufacturer is prohibited from disclaiming or modifying

17   any implied warranty when making a written warranty to the consumer or when Manufacturer has entered

18   into a contract in writing within ninety (90) days of purchase and/or lease to perform services relating to

19   the maintenance or repair of a motor vehicle.

20      46.    Plaintiff's Subject Vehicle was impliedly warranted to be substantially free of defects and

21   nonconformities in both material and workmanship, and thereby fit for the ordinary purpose for which

22   the Subject Vehicle was intended.

23      47.    The Subject Vehicle was warranted to pass without objection in the trade under the contract

24   description and was required to conform to the descriptions of the vehicle contained in the contracts and

25   labels.

26      48.    The above-described defects in the Subject Vehicle render the Subject Vehicle unfit for the

27   ordinary and essential purpose for which the Subject Vehicle was intended.

28      49.    Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiff,

1    constitutes a violation of 15 U.S.C. § 2301, *et seq.*

2        50.   Any efforts to limit the implied warranties in a manner that would exclude coverage of the

3    Subject Vehicle is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the

4    Subject Vehicle is null and void.

5        51.   Any limitations on the warranties are procedurally unconscionable. There was unequal

6    bargaining power between Manufacturer, on the one hand, and Plaintiff, on the other.

7        52.   Any limitations on the warranties are substantively unconscionable. Manufacturer knew that

8    the Subject Vehicle was defective and would continue to pose a safety risk after the warranties

9    purportedly expired. Manufacturer failed to disclose the aforementioned defects to Plaintiff. Thus,

10   Manufacturer's enforcement of the durational limitations on those warranties is harsh and shocks the

11   conscience.

12       53.   Plaintiff has had sufficient direct dealings with either Manufacturer or its agents

13   (Manufacturer's authorized dealers) to establish privity of contract.

14       54.   Nonetheless, privity is not required here because Plaintiff is an intended third-party beneficiary

15   of contracts between Manufacturer and its dealers, and specifically, of the implied warranties. The dealers

16   were not intended to be the ultimate consumers of the Subject Vehicle and have no rights under the

17   warranty agreements provided with the Subject Vehicle; the warranty agreements were designed for and

18   intended to benefit consumers. Finally, privity is also not required because the Subject Vehicle is a

19   dangerous instrumentality due to the aforementioned defects.

20       55.   Plaintiff provided written notice of breach to Manufacturer and a request to cure. Nonetheless,

21   as a direct and proximate result of Manufacturer's failure to comply with its implied warranties, Plaintiff

22   has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff is entitled to bring suit for

23   such damages and other equitable relief.

24       56.   Furthermore, affording Manufacturer an opportunity to cure its breach of written warranties

25   would be unnecessary and futile here. At the time of the lease of the Subject Vehicle, Manufacturer knew,

26   should have known, or was reckless in not knowing of its misrepresentations concerning the Subject

27   Vehicle's inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose

28   the defective design. Under the circumstances, the remedies available under any informal settlement

1   procedure would be inadequate and any requirement that Plaintiff resorts to an informal dispute resolution

2   procedure and/or afford Manufacturer a reasonable opportunity to cure its breach of warranties is excused

3   and thereby deemed satisfied.

4       57.   Plaintiff provided written notice of breach of implied warranties and related consumer

5   protection laws, and opportunity to cure, via a letter to Manufacturer.

6       58.   Plaintiff would suffer economic hardship if she returned the Subject Vehicle but did not receive

7   the return of all payments made by her. Because Manufacturer is refusing to acknowledge any revocation

8   of acceptance and return immediately any payments made, Plaintiff has not accepted the defects by

9   retaining the Subject Vehicle.

**FOURTH CAUSE OF ACTION**

BREACH OF WRITTEN WARRANTY

PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

*(Against Manufacturer and Does 1 to 30)*

14      59.   Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of

15   Plaintiff's Complaint for Damages.

16      60.   Manufacturer is the warrantor of the Subject Vehicle's express warranty.

17      61.   Pursuant to the Subject Vehicle's express warranty, Manufacturer undertook to preserve or

18   maintain the utility or performance of the Subject Vehicle or provide compensation if there was a failure

19   in such utility or performance.

20      62.   The Subject Vehicle has and has had serious defects and nonconformities to warranty

21   including, but not limited to, the defects described above.

22      63.   Under the Song-Beverly Consumer Warranty Act ("California Lemon Law"), the Subject

23   Vehicle is a "new motor vehicle" leased primarily for family or household purposes, and Plaintiff has

24   used the Subject Vehicle primarily for this purpose. (Cal. Civ. Code §1793.22(e)(2).)

25      64.   Plaintiff is a "lessee" of the Subject Vehicle under the California Lemon Law.

26      65.   The foregoing defects and nonconformities to warranty manifested themselves within the

27   applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety

28   of the Subject Vehicle.

66.     Pursuant to Cal. Civ. Code § 1793.2(c), Plaintiff has delivered the Subject Vehicle to the Manufacturer's service and repair facilities within this state and/or other authorized service dealers of Manufacturer within the terms of protection and has tendered the Subject Vehicle for repairs of the above-mentioned defects that substantially affect the use, value, and safety of the Subject Vehicle.

67.     Manufacturer, through its service and repair facilities and/or other authorized dealerships, has been unable to repair the said defects in a reasonable number of attempts.

68.     By failure of Manufacturer to remedy the defects as alleged above, or to issue a refund or replacement, Manufacturer is in breach of its obligations under the California Lemon Law.

69.     Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under the California Lemon Law.

70.     Pursuant to Cal. Civ. Code § 1793.2(d), Plaintiff is entitled to a refund of all monthly payments made on the Subject Vehicle, including all collateral charges such as sales tax, license fees, registration fees, and other official fees, plus any incidental damages including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

71.     Pursuant to Cal. Civ. Code § 1794, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorneys' fees reasonably incurred.

72.     Manufacturer has willfully violated the provisions of this act by knowing of its obligations to refund or replace Plaintiff's Subject Vehicle but failing to fulfill them.

### FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY

### PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

*(Against Manufacturer and Does 1 to 30)*

73.     Plaintiff re-alleges and incorporates by reference as fully set forth herein, all paragraphs of Plaintiff's Complaint for Damages.

74.     The Subject Vehicle acquired by Plaintiff was subject to an implied warranty of merchantability as defined in Cal Civ. Code. § 1790, *et seq.* running from Manufacturer to the intended consumer, Plaintiff herein.

75.     The implied warranty of merchantability means and includes that the goods will comply with

1    each of the following requirements: (1) they would pass without objection in the trade under the contract

2    description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are

3    adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact

4    made on the container or label.

5        76.    Manufacturer is a supplier of consumer goods as a business entity engaged in the business of

6    making a consumer product directly available to Plaintiff.

7        77.    Manufacturer is prohibited from disclaiming or modifying any implied warranty under Cal.

8    Civ. Code § 1790, *et seq.*

9        78.    Pursuant to Cal. Civ. Code § 1790, *et seq.*, Plaintiff's Subject Vehicle was impliedly warranted

10   to be fit for the ordinary use or which the Subject Vehicle was intended.

11       79.    The Subject Vehicle was warranted to pass without objection in the trade under the contract

12   description and was required to conform to the descriptions of the vehicle contained in the contracts and

13   labels.

14       80.    Because the Subject Vehicle was leased to Plaintiff with serious defects that manifested

15   themselves within the period of the implied warranty and which substantially reduce its safety and

16   performance, it (1) would not pass without objection in the trade under the contract description; (2) was

17   and is not fit for the ordinary purposes for which such goods are used; (3) was not adequately contained,

18   packaged, and labeled; and (4) did not conform to the promises or affirmations of fact made on the

19   container or label.

20       81.    The above-described defects in the Subject Vehicle caused it to fail to possess the most basic

21   degree of fitness for ordinary use.

22       82.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Subject Vehicle

23   and is entitled under the California Lemon Law to rescind the Lease Agreement and to restitution of all

24   money paid towards the Lease Agreement. This Complaint also, again, hereby rejects and revokes

25   acceptance of the Subject Vehicle.

26       83.    As a result of the breach of implied warranty by Manufacturer, Plaintiff has suffered and

27   continue to suffer various damages.

28   ///

## SIXTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.

*(Against All Defendants)*

84.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Plaintiff's Complaint for Damages.

85.     Plaintiff has standing to bring this claim because she has lost money or property as a result of the alleged misconduct.

86.     A plaintiff has standing when he/she (1) loses or is deprived of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) the economic injury was the result of, i.e., caused by, the unfair business practice of false advertising that is the gravamen of the claim. *Kwikset Corp. v. Superior Court*, 52 Cal.4th 310, 322 (2011.)

87.     Economic injury from unfair competition exists if a plaintiff (1) surrenders in a transaction more, or acquires in a transaction less, than he or she otherwise would have; (2) has a present or future property interest diminished; (3) is deprived of money or property to which he, she or it has a cognizable claim; or (4) is required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. *Id.* at 323.

88.     California Business & Professions Code § 17200, *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice. It also prohibits unfair, deceptive, untrue, or misleading advertising.

89.     The **unlawful** prong "borrows violations of other laws and treats them as independently actionable." *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 837, 51 Cal.Rptr.3d 118 (2006). Defendants have engaged in unlawful business acts and practices by: (1) selling/leasing defective vehicles to the public while misrepresenting their condition; and (2) concealing and failing to disclose a known defect. These acts and practices were intended to and did violate several laws, including, but not limited to, Cal. Civ. Code § 1709, *et seq.* and the California Lemon Law.

- Cal. Civ. Code § 1709 states that "one who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Here, Defendants violated § 1709 in that Defendants intentionally misrepresented the safety and reliability of the Subject Vehicle to induce Plaintiff's lease of the Subject Vehicle.

1     90.    The **unfair** prong requires alleging a practice that "offends an established public policy or is

2     immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Bardin v. Daimler*

3     *Chrysler Corp.*, 136 Cal.App.4th 1255, 1263, 1266, 39 Cal.Rptr.3d 634 (2006). Defendants engaged in

4     unfair business acts or practices in that the justification for selling and leasing vehicles based on the

5     misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the

6     resulting harm, particularly considering the available alternatives, and offends public policy, is immoral,

7     unscrupulous, unethical, and offensive, or causes substantial injury to consumers.

8        • A business act is **unfair** if (1) the consumer injury is substantial, (2) the injury is not

9          outweighed by any countervailing benefits to consumers or competition, and (3) the injury

10         could not reasonably have been avoided by consumers themselves.

11       • Here, Plaintiff's injury is substantial since Plaintiff would not have otherwise acquired the

12         Subject Vehicle had she known the Subject Vehicle was not safe, not reliable, and not fit for

13         its intended purpose. Plaintiff has further been damaged in that she has paid out of pocket

14         expenses to repair, tow, and otherwise store the Subject Vehicle as well as paid money towards

15         a rental vehicle while the Subject Vehicle was nonoperational.

16       • Plaintiff's injury is not outweighed by any countervailing benefits to consumers or

17         competition. There were reasonably available alternatives to further Defendants' legitimate

18         business interests, other than the conduct described herein.

19       • Plaintiff specifically inquired about the Subject Vehicle's condition and whether it was free

20         from defects. Defendants knowingly and/or recklessly lied to Plaintiff to induce the lease of

21         the Subject Vehicle. Plaintiff's injury, therefore, could not reasonably have been avoided by

22         Plaintiff.

23    91.    The **fraudulent** prong "requires a showing [that] members of the public are likely to be

24    deceived." *Wang v. Massey Chevrolet*, 97 Cal.App.4th 856, 871, 118 Cal.Rptr.2d 770 (2002). Defendants

25    engaged in fraudulent business acts or practices in that the representations and omissions of material fact

26    described above have a tendency and likelihood to deceive purchasers and/or lessees of these vehicles,

27    and the general public.

28       • An advertisement or promotional practice is likely to deceive if it includes assertions that are

1    (1) untrue, or (2) "'true [, but] are either actually misleading or which [have] the capacity,

2    likelihood or tendency to deceive or confuse the public.' [Citation]." (*Kasky v. Nike, Inc.* 27

3    Cal.4th 939, 951 (2002); *Leoni v. State Bar* 39 Cal.3d 609, 626 (1985).)

4    • Here, Defendants' practice of misrepresenting the safety and reliability of their vehicles is

5    likely to deceive members of the public because the statements are untrue. It is inconceivable

6    to think that consumers will be able to see through Defendants' misrepresentations and know

7    that Defendants' vehicles are neither safe, nor reliable, nor fit for their intended purpose.

8    92.    The business scheme employed by Defendants is unlawful, unfair, and fraudulent because

9    Defendants are purposely concealing information about the aforementioned defects so that consumers,

10   like Plaintiff, will purchase and/or lease a vehicle that is neither functionable, reliable, safe, nor fit for its

11   ordinary purpose.

12   93.    Defendants deceived Plaintiff by failing to disclose the aforementioned defects and inducing

13   the lease of the Subject Vehicle.

14   94.    Defendants have every intention of deceiving and injuring consumers. If they did not, then

15   Defendants would not be so immoral, unethical, oppressive, unscrupulous, and deceptive when it comes

16   to the defective Subject Vehicle.

17   95.    The business scheme deployed by Defendants to deceive Plaintiff into acquiring the Subject

18   Vehicle with the aforementioned defects is unlawful, unfair, and fraudulent.

19   96.    Plaintiff surrendered more in the transaction because she acquired a vehicle that was defective.

20   Had Plaintiff been aware of the aforementioned defects, she would not have acquired the Subject Vehicle

21   in the first place and/or at least paid less for the Subject Vehicle. As such, Plaintiff has established a loss

22   or deprivation of money or property sufficient to qualify as injury in fact. *Kwikset Corp.*, 52 Cal.4th 310,

23   323.

24   97.    Defendants commit these acts with the conscious and reckless disregard to the truth or falsity

25   of such misrepresentations and promises and wrongful acts in violation of Cal. Bus. & Prof. Code §

26   17200, *et seq.*

27   98.    The acts of Defendants as herein described, present a continuing threat to members of the

28   general public in that Defendants continue to engage in these deceptive practices and will not cease doing

-22-

1   so unless and until an injunction is issued by this Court.

2       99.     If Defendants are allowed to continue to engage in these deceptive practices other consumers

3   will also purchase and/or lease defective vehicles putting themselves and others on the road in extreme

4   danger.

5       100.    As a direct result of the aforementioned acts, Defendants unlawfully, unfairly, and unjustly

6   collected and continue to hold revenues and profits derived directly or indirectly from Plaintiff, who has

7   been victimized by the practices challenged herein. Defendants failed to disgorge and/or waive any of

8   these revenues that do not properly belong to it.

9       101.    In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17200 and 17203, Plaintiff is

10  entitled to an order enjoining the unlawful, unfair, deceptive, and/or fraudulent acts as described herein,

11  and directing Defendants to make full restitution to Plaintiff, who has suffered from such acts.

12      102.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered

13  damages for which relief is sought herein.

14      103.    Specifically, damages include all monthly payments made on the Subject Vehicle under the

15  Lease Agreement, and any and all incidental and consequential damages as a result of the lease, which

16  would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the

17  lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the

18  money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference

19  between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not

20  suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

21                          **SEVENTH CAUSE OF ACTION**

22              VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.

23                              *(Against All Defendants)*

24      104.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

25  Plaintiff's Complaint for Damages.

26      105.    Plaintiff has standing to bring this claim because she has lost money or property as a result of

27  the misconduct alleged.

28      106.    Cal. Bus. & Prof. Code § 17500, *et seq.* prohibits unfair, deceptive, untrue, or misleading

1    communications and statements, including, but not limited to, false statements as to the nature of services

2    to be provided.

3        107.    The business scheme employed by Defendants is unfair, deceptive, untrue, and misleading

4    because they are taking advantage of its status as an expert in the industry and selling/leasing vehicles to

5    consumers who are unaware, and have no reason to be aware, that the vehicles are in fact defective.

6        108.    Defendants deceived Plaintiff by designing, manufacturing, producing, distributing, selling

7    and/or leasing the Subject Vehicle with the aforementioned defects.

8        109.    Defendants intentionally made the previously alleged misrepresentations and promises,

9    devised, and executed a scheme to defraud Plaintiff, and did so resulting in a damage to Plaintiff with the

10   conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and

11   wrongful acts.

12       110.    In acting so, Defendants committed acts of untrue and misleading advertising as defined in

13   Cal. Bus. & Prof. Code § 17500, by advertising their services contrary to their true nature.

14       111.    Defendants knew, or should have known, that the Subject Vehicle was defective and therefore

15   was not functionable, reliable, safe, or even fit for its ordinary purpose.

16       112.    Plaintiff did in fact rely on Defendants' deceptive, untrue, and misleading communications

17   and statements and suffered damages as a direct result. Specifically, Defendants' deceptive, untrue, and

18   misleading communications and statements tricked Plaintiff into acquiring the Subject Vehicle. As such,

19   Plaintiff has established a loss or deprivation of money or property sufficient to qualify as injury in fact.

20   *Kwikset,* 52 Cal.4th 310, 323.

21       113.    Plaintiff's reliance on the representations was justified and reasonable because Defendants are

22   experts in the industry. There was no reason for Plaintiff to know that the Subject Vehicle was defective

23   and therefore was not functionable, reliable, safe, or even fit for its ordinary purpose.

24       114.    Defendants' unfair, deceptive, untrue, and misleading communications and advertising

25   described above present a continuing threat to members of the general public in that Defendants will

26   continue to engage in these practices with respect to the general public and will not cease doing so unless

27   and until an injunction is issued by this Court.

28       115.    If Defendants are allowed to continue to engage in these deceptive practices more consumers

1   will purchase and/or lease defective vehicles putting more and more people in extreme danger.

2      116.   As a direct result of the aforementioned acts, Defendants have received, and continue to

3   unjustly hold, collect, or accept revenues derived directly or indirectly from Plaintiff, through untrue and

4   misleading representations and advertising.

5      117.   In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17500 and 17535, Plaintiff is

6   entitled to an order enjoining the acts of untrue and misleading advertising and representations described

7   herein and directing Defendants to make full restitution to Plaintiff, who suffered from such acts.

8      118.   As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered

9   damages for which relief is sought herein.

10      119.   Specifically, damages include all monthly payments made on the Subject Vehicle under the

11   Lease Agreement, and any and all incidental and consequential damages as a result of the lease, which

12   would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the

13   lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the

14   money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference

15   between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not

16   suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

17                 **EIGHTH CAUSE OF ACTION**

18                      NEGLIGENCE

19                *(Against All Defendants)*

20      120.   Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

21   Plaintiff's Complaint for Damages.

22      121.   At all times mentioned herein, Defendants were engaged in the business of designing,

23   manufacturing, testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and

24   advertising of the Subject Vehicle.

25      122.   At all times mentioned herein, Defendants had a duty of care in the designing, manufacturing,

26   testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and advertising of

27   the Subject Vehicle.

28      123.   At all times herein mentioned, Defendants had a duty to warn all users of its vehicles of the

1 │ attendant risks of harm, said risks of harm being at all times known and/or foreseeable to Defendants.

2 │ 124.   At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should

3 │ have known, that if the Subject Vehicle was not properly designed, manufactured, tested, distributed,

4 │ leased to, inspected, repaired, marketed, constructed, and labeled, for the use and purpose for which the

5 │ Subject Vehicle was intended, the Subject Vehicle was likely to cause injuries to owners, passengers, and

6 │ users of the Subject Vehicle.

7 │ 125.   Since the date of the lease, Plaintiff has used the Subject Vehicle in the way it was intended

8 │ to be used. At that time and prior thereto, Defendants negligently and carelessly manufactured, designed,

9 │ constructed, equipped, tested, installed, repaired, assembled, maintained, and handled the Subject Vehicle

10 │ so that it was defective and unsafe when used and operated in the manner for which it was intended.

11 │ 126.   The Subject Vehicle's defects existed at the time it left Defendants' control.

12 │ 127.   As a direct and legal result of the Subject Vehicle's defects, Plaintiff was injured by the

13 │ Subject Vehicle while it was being used in the manner for which it was intended, the risk of which was

14 │ at all times known and foreseeable to Defendants.

15 │ 128.   As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered

16 │ damages for which relief is sought herein.

17 │ 129.   Specifically, damages include all monthly payments made on the Subject Vehicle under the

18 │ Lease Agreement, and any and all incidental and consequential damages as a result of the lease, which

19 │ would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the

20 │ lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the

21 │ money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference

22 │ between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not

23 │ suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

24 │ **NINTH CAUSE OF ACTION**

25 │ STRICT LIABILITY

26 │ *(Against Manufacturer and Does 1 to 30)*

27 │ 130.   Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of

28 │ Plaintiff's Complaint for Damages.

131. The Subject Vehicle was defective in its design and/or its manufacture.

132. Manufacturer is the manufacturer of the Subject Vehicle.

133. The Subject Vehicle's defects existed when it left Manufacturer's possession.

134. The defects were the cause of Plaintiff's injury.

135. Plaintiff's injury resulted from her reasonably foreseeable use of the Subject Vehicle.

136. As a direct and proximate result of the acts and omissions of Manufacturer, Plaintiff has suffered damages for which relief is sought herein.

137. Specifically, damages include all monthly payments made on the Subject Vehicle under the Lease Agreement, and any and all incidental and consequential damages as a result of the lease, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the lease, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiff suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiff, plus tax and licensing fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

- For recovery of the greater of actual damages according to proof, if adequate, as appropriate;

- For recovery of all incidental damages, as appropriate;

- For recovery of all consequential damages, as appropriate;

- For restitution, as appropriate;

- For injunctive relief, as appropriate;

- For recovery of interest at the legal rate, as appropriate;

- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to California's Private Attorney General Statute, Cal. Civ. Proc. Code § 1021.5, as appropriate; or

- Recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to Cal. Civ. Code § 1794;

- For refund of all monies paid for the Subject Vehicle including all collateral charges and incidental damages pursuant to Cal. Civ. Code § 1793.2(d);
- A civil penalty not to exceed two times the amount of actual damages pursuant to Cal. Civ. Code § 1794(c);
- For refund of all monies paid for the Subject Vehicle pursuant to 15 U.S.C. § 2304(a)(4);
- For refund of all incidental and consequential damages incurred pursuant to 15 U.S.C. § 2304(a)(3);
- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to 15 U.S.C. § 2310(d)(2); and
- For recovery of One Hundred Twelve Thousand Three Hundred Fifty-Four Dollars and Forty-Five Cents ($112,354.45) in damages.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL IN THIS MATTER.**

DATED: 02/29/2024

THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204

By */s/ Hovanes Margarian*
Hovanes Margarian
Attorney for Plaintiff
MARIAM DANIELYAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

PLAINTIFF'S COMPLAINT FOR DAMAGES

MBF Sequence
16231157

Mercedes-Benz Financial Services

**CALIFORNIA**
**MOTOR VEHICLE LEASE AGREEMENT**

DEAL# 634100
STK # PA000901
CUST# 218872
FORM# 101764 SA444S-FI

The First Class Lease®

## Dates

The date of this lease is __03/30/2023__ .    The scheduled date this lease ends is __03/30/2025__ ("Lease End").

The scheduled term of this lease is _____ **24** _____ months ("Lease Term").

## Parties

**Lessor (Dealer):** WI SIMONSON

Address:    1626 WILSHIRE BLVD

SANTA MONICA, CA 90403

**Lessee:** MARIAM DANIELYAN

**Co-Lessee:** N/A

Lessee's
Billing
Address:

(Include County)

Address of principal garage location, if different from Lessee's Billing Address (no P.O. Box):

N/A

N/A
(Include County)

Unless otherwise specified, "lease" refers to this Motor Vehicle Lease Agreement; "vehicle" refers to the vehicle described below; "you", "your", and "yours" refer to the Lessee and any Co-Lessee; "we", "us", and "our" refer to the Lessor and, after the lease is assigned, to Mercedes-Benz Vehicle Trust, or its successors and assigns; "Assignee" refers to Mercedes-Benz Vehicle Trust or its successors and assigns. The "Vehicle Turn-In Fee" is a fee to cover the cost of disposing of the vehicle, commonly referred to as a disposition fee. "Pre-owned" refers to used vehicles. You agree to lease the vehicle from us on the terms and conditions provided for in this lease. The terms and conditions contained in this lease are made on behalf of Lessor and Assignee.

## Type of Lease

[X] Standard Lease    [ ] Single Payment Lease

If the Single Payment Lease box is checked above, "Monthly Payments" or "First Monthly Payment" are replaced with the words "Single Lease Payment" throughout this lease and the word "monthly" in section 6.j. on page 2 is deleted.

## Vehicle Information

[X] New  [ ] Pre-owned    4JGDM2DB7PA000901
                              *VIN*

Primary Intended Use

| 2023 | MERCEDES-BENZ TR | EQS 450+ |
|------|------------------|----------|
| *Year* | *Make* | *Model* |

| SUV | 58 |
|-----|-----|
| *Body Style* | *Odometer Reading* |

[X] Personal  [ ] Business, Commercial, or Agricultural Purposes

If no box is checked, or if the Personal box is checked, you agree to use the vehicle for personal, family or household purposes.

### THERE IS NO COOLING OFF PERIOD
**California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this lease simply because you change your mind, decided the vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this lease only with the agreement of the Lessor or for legal cause, such as fraud.**

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

03/30/2023  07:35 pm

Page 1 of 10

DEAL# 634100

## Consumer Leasing Act Disclosures

| 1. Amount Due at Lease Signing or Delivery (Itemized below)* | 2. Monthly Payments | 3. Other Charges (not part of your Monthly Payment) | 4. Total of Payments |
|---|---|---|---|
| $ 12500.00 | Your first Monthly Payment of $ 1049.98 is due on 03/30/2023 , followed by 23 payments of $ 1049.98 due on the 30th of each month. The total of your Monthly Payments is $ 25199.52 . | a Vehicle Turn-In Fee (if you do not purchase the vehicle at Lease End) $ 595.00<br>b. N/A $ N/A<br>c. Total $ 595.00 | (The amount you will have paid by the end of the lease) $ 37244.54 |

**5. Itemization of Amount Due at Lease Signing or Delivery**

**a. Amount Due at Lease Signing or Delivery:**

1. First Total Monthly Payment (includes sales/use taxes) . . . . . . . . . . . $ 1049.98
2. Capitalized Cost Reduction . . . . . . . . . . . + $ 8383.49
3. Acquisition Fee (if not capitalized) . . . . . . + $ 1095.00
4. Sales/Use Taxes . . . . . . . . . . . . . . . . . . . . + $ 908.53
5. Refundable Security Deposit . . . . . . . . . + $ N/A
6. Registration/Titling Fees . . . . . . . . . . . . . + $ N/A
7. License Fees . . . . . . . . . . . . . . . . . . . . . . + $ 938.00
8. Document Processing Fee (not a government fee) . . . . . . . . . . . . . . . . . . + $ 85.00
9. Electronic Filing Fee (not a government fee) . . . . . . . . . . . . . . . . . . . . . . . . . . . + $ 33.00
10. California Tire Fees . . . . . . . . . . . . . . . . + $ 7.00
11. N/A + $ N/A
12. N/A + $ N/A
13. N/A + $ N/A
14. Total . . . . . . . . . . . . . . . . . . . . . . . . . = $ 12500.00

**b. How the Amount Due at Lease Signing or Delivery will be paid:**

1. Net Trade-in Allowance . . . . . . . . . . . . $ 0.00
2. Rebates and Noncash Credits . . . . . . . . + $ 12500.00
3. Amount to be Paid in Cash . . . . . . . . . + $ N/A
4. N/A + $ N/A
5. Total . . . . . . . . . . . . . . . . . . . . . . . = $ 12500.00

**6. Your monthly payment is determined as shown below:**

a. **Gross Capitalized Cost:** The agreed upon value of the vehicle ($ 94766.00 ) and any items you pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) . . . $ 96766.00

b. **Capitalized Cost Reduction:** The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the Gross Capitalized Cost . . . . . . . . . . . . . . . . . . . – $ 8383.49

c. **Adjusted Capitalized Cost:** The amount used in calculating your Base Monthly Payment . . . . . . . . . . . . . . . . . . . = $ 88382.51

d. **Residual Value:** The value of the vehicle at the end of the lease used in calculating your Base Monthly Payment . . . . . . . . . . . . . . . . . – $ 74725.10

e. **Depreciation and any amortized amounts:** The amount charged for the vehicle's decline in value through normal use and for other items paid over the lease term . . . . . . . . . . . . . . . = $ 13657.41

f. **Rent Charge:** The amount charged in addition to the Depreciation and any amortized amounts . . . . . . . . . . . . . . . . . . . . . . . . + $ 9355.95

g. **Total of Base Monthly Payments:** The Depreciation and any amortized amounts plus the Rent Charge . . . . . . . . . . . . . . . . . . . = $ 23013.36

h. **Lease Payments:** The number of payments in your lease . . . . . . . . . . . . . . . . . . . . . . . . . . ÷ 24

i. **Base Monthly Payment** . . . . . . . . . . . . . . . = $ 958.89

j. **Monthly Sales/Use Taxes** . . . . . . . . . . . . . . + $ 91.09

k. N/A + $ N/A

l. **Total Monthly Payment** . . . . . . . . . . . . . = $ 1049.98

**7. Early Termination.** You may have to pay a substantial charge if you end this lease early. **The charge may be up to several thousand dollars.** The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be.

**8. Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 15,000 miles (Mileage Allowance) for the term of this lease, at the rate of $ 0.25 per mile.

**9. Purchase Option at End of Lease Term.** You have an option to purchase the vehicle ("as is") at the end of the lease term for $ 74725.10 , plus a Purchase Option Fee of $ 150.00 , plus all official fees and taxes. See the Purchase Option section on page 7 of this lease for more information.

**10. Other Important Terms.** See your lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

03/30/2023   07:35 pm

DEAL# 634100

## Consumer Leasing Act Disclosures (Continued)

**11. Itemization of Gross Capitalized Cost:**

Agreed upon value of vehicle as equipped at the time of Lease signing .................................................. $ **94766.00**

Accessories and optional equipment Lessor agrees to add to the vehicle after lease signing:

| (Describe) | N/A | + $ | N/A |
|---|---|---|---|
| (Describe) | N/A | + $ | N/A |
| (Describe) | N/A | + $ | N/A |
| (Describe) | N/A | + $ | N/A |
| (Describe) | N/A | + $ | N/A |
| (Describe) | N/A | + $ | N/A |

Total agreed upon value of vehicle: ..................................................................... = $ **94766.00**

Other amounts included in the Gross Capitalized Cost:

Acquisition Fee (if capitalized) ............................................................ + $ **N/A**

Sales/Use Tax ........................................................................ + $ **N/A**

License Fees .......................................................................... + $ **N/A**

Registration/Titling Fees ................................................................ + $ **N/A**

California Tire Fees .................................................................... + $ **N/A**

Document Processing Fee (not a government fee) ............................................. + $ **N/A**

Outstanding Prior Credit or Lease Balance on Trade-in Vehicle Included in Gross Capitalized Cost .......... + $ **N/A**

Electronic Filing Fee (not a government fee) ................................................. + $ **N/A**

Optional Products and Services:

Credit Life Insurance Premium ........................................................... + $ **N/A**

Credit Disability Insurance Premium ....................................................... + $ **N/A**

Charge for Service Contract .............................................................. + $ **1000.00**

Charge for Maintenance Agreement ........................................................ + $ **N/A**

| (Describe) | N/A | + $ | N/A |
|---|---|---|---|
| (Describe) | COMPLETE THEFT | + $ | 149.00 |
| (Describe) | N/A | + $ | N/A |
| (Describe) | PERMAPLATE | + $ | 851.00 |

Other:

| (Describe) | N/A | + $ | N/A |
|---|---|---|---|
| (Describe) | N/A | + $ | N/A |

Total Gross Capitalized Cost ......................................................... = $ **96766.00**

**12. Estimated Official Fees and Taxes.** The total estimated amount you will pay for official fees, license, title and registration fees, and taxes over the term of your lease, whether included with your Monthly Payment or assessed otherwise is $ **4977.69** . This is an estimate and the actual total of Official Fees and Taxes may be higher or lower than this estimate. The actual total of Official Fees and Taxes depends on the rates in effect, the value of the vehicle and the garage location of the vehicle at the time the fees and taxes are assessed. A change in address or a change in tax rates for the garage location will change your lease payment if Monthly Sales/Use Tax is part of your Total Monthly Payment (see Section 6.j).

**13. Mileage Allowance.** The odometer reading in the Vehicle Information section of this lease provides the number of miles existing on the vehicle when you entered this lease ("Existing Miles"). Your Mileage Allowance provided in section 8 refers to miles driven during the Lease Term and does not include the Existing Miles.

If your Mileage Allowance in section 8 on page 2 is greater than **15,000** "Base Mileage Amount", you have chosen to purchase additional miles for your Mileage Allowance determination. If you have purchased additional miles, then at Lease End, except as provided below, you will be eligible for a credit or refund of **N/A** per mile for any unused additional miles between the Base Mileage Amount and your Mileage Allowance over the term of the lease. You will not receive a refund if the vehicle is destroyed or stolen, you are in default, you purchase the vehicle, or the refund is less than $1.

**14. Missing Records.** If you do not return the vehicle's maintenance booklets as provided in the Maintenance section of this lease, you will owe a missing records fee in the amount of $ **N/A** .

**15. New and Pre-owned Vehicle Warranty.** If the vehicle is new, it is covered by a standard new vehicle warranty from the manufacturer.

If the vehicle is pre-owned, it is not covered by a warranty unless indicated by a check in the corresponding box below:

☐ Remainder of standard new vehicle warranty from manufacturer

☐ Pre-owned vehicle warranty from manufacturer

☐ Pre-owned warranty from other third-party provider

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

03/30/2023  07:35 pm

Page 3 of 10

DEAL# 634100

## Consumer Leasing Act Disclosures (Continued)

We assign to you all rights we have under any of these warranties. You acknowledge that you have received a copy of the indicated warranties.

**We lease the vehicle to you "AS IS". EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, AND UNLESS PROHIBITED BY LAW, WE MAKE NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESS OR IMPLIED, AS TO THE VEHICLE'S (OR ANY PART OR ACCESSORY THEREOF) CONDITION, MERCHANTABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE; AND WE MAKE NO OTHER REPRESENTATION OR WARRANTY WHATSOEVER.**

**16. Optional Insurance and Other Products.** You are not required to buy any of the optional insurance or other products listed on this page to enter into this lease, and they are not a factor in our credit decision. These insurance and other products will not be provided unless you are accepted by the provider. By your initials on this page, you agree that you have received a notice of the terms and cost of the insurance or product, and you want to obtain the insurance or product for the premium or charge shown. A portion of the premium or charge may be retained by the Lessor (Dealer). These coverages are not provided by the Lessor. You must pursue all matters related to these coverages, including refunds, through the provider. The terms and conditions for these coverages are provided in a separate contract, which you acknowledge that you have received and read.

If the price of these coverages is also included in the Itemization of Gross Capitalized Cost, it will be included in the Base Monthly Payments. If not, you have paid for the coverages in full upon signing this lease.

Unless you receive written notification otherwise, credit life and credit disability insurance end on the original due date of the last payment due under the lease.

| ☐ Credit Life Provider: | ☐ Credit Disability Provider: |
|---|---|
| N/A | N/A |
| Initial Coverage: $ N/A  Premium: $ N/A | Maximum Mo. Benefit: $ N/A  Premium $ N/A |
| Lessee Initials: N/A | Lessee Initials: N/A |
| Co-Lessee Initials: N/A | Co-Lessee Initials: N/A |

| ☒ Service Agreement Provider: | ☐ Extended Warranty Provider: |
|---|---|
| FIDELITY TERM CARE | N/A |
| Coverage is for 24 months or 24000 miles, whichever happens first. | Coverage is for N/A months or N/A miles, whichever happens first. |
| Premium or charge: $ 1000.00 | Premium or charge: $ N/A |
| Lessee Initials: O | Lessee Initials: N/A |
| Co-Lessee Initials: N/A | Co-Lessee Initials: N/A |

## Important Arbitration Disclosures

**The following arbitration provisions significantly affect your rights in any dispute with us. Please read the following disclosures and the arbitration provision that follows carefully before you sign the contract.**

1. If either you or we choose, any dispute between you and us will be decided by arbitration and not in court.
2. If such dispute is arbitrated, you and we will give up the right to a trial by a court or a jury trial.
3. You agree to give up any right you may have to bring a class action lawsuit or class arbitration, or to participate in either as a claimant, and you agree to give up any right you may have to consolidate your arbitration with the arbitration of others.
4. The information that can be obtained in discovery from each other or from third persons in arbitration is generally more limited than in a lawsuit.
5. Other rights that you and/or we would have in court may not be available in arbitration.

Any claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope, or validity of this lease, arbitration section or the arbitrability of any issue), between you and us or any of our employees, agents, successors, assigns, or the vehicle distributor, including Mercedes-Benz USA LLC (each a "Third Party Beneficiary"), which arises out of or relates to a credit application, this lease, or any resulting transaction or relationship arising out of this lease (including any such relationship with third parties who do not sign this contract) shall, at the election of either you, us, or a Third Party Beneficiary, be resolved by a neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated on an individual basis and not as a class action. The arbitration shall be administered by the American Arbitration Association, or by any other organization that you may choose, subject to our or a Third Party Beneficiary's approval. You may get a copy of the rules of the American Arbitration Association by visiting its website at www.adr.org.

The arbitrator shall be an attorney or retired judge and shall be selected in accordance with the applicable rules. The arbitrator shall apply the law in deciding the dispute. The arbitration hearing shall be conducted in the federal district in which you reside. If you demand arbitration first, you will pay the claimant's initial arbitration filing fees or case management fees required by the applicable rules up to $125, and we will pay any additional initial filing fee or case management fee. We will pay the whole filing fee or case management fee if we demand arbitration first. We will pay the arbitration costs and fees for the first day of arbitration, up to a maximum of eight hours. The arbitrator shall decide who shall pay any additional costs and fees. Nothing in this paragraph shall prevent you from requesting that the applicable arbitration entity reduce or waive your fees, or that we or a Third Party Beneficiary voluntarily pay an additional share of said fees, based upon your financial circumstances or the nature of your claim.

This lease evidences a transaction involving interstate commerce. Any arbitration under this lease shall be governed by the Federal Arbitration Act (9 USC 1, et seq.). Judgment upon the award rendered may be entered in any court having jurisdiction.

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

03/30/2023  07:35 pm

Page 4 of 10

DEAL# 634100

## Important Arbitration Disclosures (Continued)

Notwithstanding this provision, both you and Lessor and Lessor's successors and assigns retain the right to exercise self-help remedies and to seek provisional remedies from a court, pending final determination of the dispute by the arbitrator. Neither you nor we waive the right to arbitrate by exercising self-help remedies, filing suit, or seeking or obtaining provisional remedies from a court.

If any clause within this arbitration section, other than clause 3 or any similar provision dealing with class action, class arbitration or consolidation, is found to be illegal or unenforceable, that clause will be severed from this arbitration section, and the remainder of this arbitration section will be given full force and effect. If any part of clause 3 or any similar provision dealing with class action, class arbitration or consolidation is found to be illegal or unenforceable, then this entire arbitration section will be severed and the remaining provisions of this lease shall be given full force and effect as if the arbitration section of this lease had not been included in this lease. In no event shall an arbitrator be authorized to resolve a claim or dispute or make awards or grant relief exceeding the limitations in clause 3 or any similar provision on class actions, class arbitrations, or consolidation.

## Additional Disclosures

| DESCRIPTION OF TRADE-IN | YEAR | MAKE | | |
|---|---|---|---|---|
| | N/A | N/A | Gross agreed upon value of trade-in vehicle . . . . . . . . . $ | N/A |
| MODEL | | | Outstanding prior credit or lease balance on trade-in . . . - $ | N/A |
| N/A | | | Net trade-in allowance (if less than -0-, enter -0-) . . . . . . = $ | N/A |

*Initial if applicable:*

M.D. _____   __N/A___
Lessee          Co-Lessee

**10-Day Right to Cancel:** We intend to assign this lease to Mercedes-Benz Vehicle Trust. You understand that it may take a few days to verify your credit and assign the lease. You agree that if the lease is not accepted for assignment under terms acceptable to us, we have the right to cancel this agreement. Should we elect to cancel, we will give you notice within 10 days of the date this lease is signed. Upon receipt of such notice, you must immediately return the vehicle to us in the same condition as when delivered, normal wear and tear excluded. If vehicle is returned in a condition that is acceptable to us, we will refund all consideration given.

__N/A___   __N/A___
Lessee      Co-Lessee

**Payoff of Trade-In:** We relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount of $ ___N/A___. You understand that the amount quoted is an estimate. We agree to remit this amount to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount stated above, you agree to pay us the excess on demand. If the actual payoff amount is less than the amount shown above, we will refund to you any overage we receive from the prior lienholder or lessor.

__N/A___   __N/A___
Lessee      Co-Lessee

**Lease Return Obligations:** We agree to deliver your turned-in lease vehicle described as ___N/A___ (Year) ___N/A___ (Make) ___N/A___ (Model) ___N/A___ (VIN), in its current condition to the vehicle's lessor. Current turn-in mileage is ___N/A___. You understand this vehicle is not being sold to, or traded in to us. We have agreed to remit to the vehicle's lessor the sum of $ ___N/A___. Any amount of such remittance that has been paid for by you will appear in the Itemization of Gross Capitalized Cost. Any charges, additional monthly payments, excess mileage, wear and tear, termination fees or other obligations owed to the vehicle's lessor in excess of the stated amount are your responsibility.

THIS BOX IS FOR USE BY LESSOR (DEALER) AND YOU TO MEMORIALIZE TRADE-IN, TURN-IN OR OTHER INDIVIDUALIZED AGREEMENTS. IF NONE, ENTER "NONE" OR "N/A". ASSIGNEE SHALL NOT BE OBLIGATED FOR AGREEMENTS DISCLOSED HERE.

N/A

You have a right to return the vehicle and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by you.

## Electronic Contracting and Signature Acknowledgment

You agree that (i) this lease agreement is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature, and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract, and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

03/30/2023   07:35 pm

Page 5 of 10

DEAL# 634100

## Notices/Signatures

NOTICE TO LESSEE: (1) DO NOT SIGN THIS LEASE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN; (2) YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS LEASE; (3) WARNING - UNLESS A CHARGE IS INCLUDED IN THIS LEASE FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR THAT COVERAGE IS NOT PROVIDED BY THIS LEASE.

**LESSEE**

By signing below, you acknowledge that:

This lease is completely filled out;

You have received and read all 10 pages of this lease carefully and agree to all of its terms, INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES ON PAGES 4 AND 5;

You have received a completed copy of this lease; and the Lessor may assign all right, title, and interest in this lease, vehicle and Guaranty to anyone.

| | |
|---|---|
| | N/A |
| *Lessee* | *Co-Lessee* |
| MARIAM DANIELYAN | N/A |
| *By* | *By* |
| N/A | N/A |
| *Title* | *Title* |
| F4990613    CA | N/A |
| *Driver's License Number/State* | *Driver's License Number/State* |

**GUARANTY**

The Guarantor(s) named below absolutely and unconditionally guarantee(s) payment of all amounts owed under this lease. This means if the lessee(s) fail(s) to pay any money owed, guarantor(s) will pay it. All Guarantors shall be jointly and severally liable and agree that this guaranty shall not be affected by any changes to this lease. Guarantor(s) also agree(s) to be liable for all fees and costs, including attorneys' fees, that the Lessor incurs in enforcing this lease or guaranty.

Guarantor(s) has/have received a completed copy of this lease and guaranty at the time of signing.

| | |
|---|---|
| N/A | N/A |
| *Guarantor* | *Guarantor* |
| N/A | N/A |
| *Print Name* | *Print Name* |
| N/A | N/A |
| *Address* | *Address* |
| N/A | N/A |
| *Address* | *Address* |

**LESSOR SIGNATURE AND ASSIGNMENT**

By signing below, the Lessor accepts the terms and conditions of this lease. Lessor assigns all right, title and interest to this lease, vehicle and Guaranty to Mercedes-Benz Vehicle Trust, subject to the terms and conditions of Lessor's agreement(s) with Mercedes-Benz Financial Services USA LLC.

| | |
|---|---|
| E-SIGNED by CHRISTINA GUERRERO | FINANCE MANAGER |
| *Lessor* | *Title* |

### PLEASE REVIEW ALL PAGES OF THIS LEASE FOR ADDITIONAL TERMS AND CONDITIONS.

DEAL# 634100

## Operation and Maintenance

**17. Maintenance.** You agree to maintain, service and repair the vehicle with genuine Mercedes-Benz replacement parts according to the manufacturer's recommendations and any applicable warranty. You also agree that bodywork and collision repairs will be performed by authorized Mercedes-Benz collision facilities. You will keep the vehicle in good operating condition and notify us if the vehicle is involved in an accident. You agree to comply with all vehicle recall notices. You agree to pay for all operating costs including, but not limited to gas, oil, inspection and certification fees, fines, towing, and replacement tires. Lessor will not provide maintenance services unless you agree at your option to buy a separate maintenance agreement.

**18. Prohibited Uses of Vehicle.** You agree not to use or allow anyone else to use the vehicle: (a) in a way that violates the law or the terms of your insurance policy or that causes cancellation or suspension of any applicable warranty; and (b) to transport goods or people for pay. You also agree not to take the vehicle outside the United States, however, you may take the vehicle to Canada or Mexico for 30 days or less.

Unless the Primary Intended Use is marked as "Business, Commercial, or Agricultural Purposes", you agree that the vehicle will be used primarily for your own personal, family or household use.

You will not change or modify the vehicle's body or interior in any way unless you first get our written consent. If you add parts to the vehicle that cannot be removed without harming the vehicle's usefulness or value, you understand that these parts become our property. We may inspect the vehicle at any reasonable time.

**You will not assign or sublease any interest in the vehicle or this lease.** You will keep the vehicle and lease free from all liens.

You agree that you and anyone else that uses the vehicle are liable for any injury, death, or damage arising out of the use of the motor vehicle, and that we are not liable for any such injury, death or damage.

## Insurance

**19. Vehicle Insurance.** You agree to provide primary insurance coverage as indicated below during the lease and until the vehicle is returned: (a) liability insurance with limits of not less than $100,000 per person for bodily injury, $300,000 per accident for bodily injury and $50,000 per accident for property damage; (b) collision insurance for the actual value of the vehicle and with a deductible no higher than $2,500; (c) comprehensive fire and theft insurance for the actual value of the vehicle and with a deductible no higher than $2,500; and (d) uninsured motorist coverage as required by law in the state where the vehicle is registered. You may obtain insurance from an insurer of your choice that is reasonably acceptable to us. The insurance policy must name Assignee as additional insured and loss payee and you must provide us with a copy of your policy. If you carry excess or umbrella liability insurance, it will include our interest to the extent provided by law. The policy must require the insurance company to notify us at least 30 days in advance of any changes in coverage or cancellation. You will notify us and your insurance company within 24 hours after any damage, loss, theft, seizure, or impoundment of the vehicle. For claims arising under your insurance that concern physical damage to the vehicle, you appoint us your attorney-in-fact to initiate, settle or release the claim. You authorize us to cash or negotiate checks or drafts or other payments received from your insurance company and endorse your name on such items if you are a payee. You also give us a security interest in any money paid under your insurance.

**No physical damage or liability insurance coverage for bodily injury or property damage caused to others is included in this lease.**

**20. Total Vehicle Loss/Gap Waiver.** If the vehicle is subject to a total loss due to collision, destruction or theft, you will pay us the Gap Amount which is the difference between the Early Termination Liability and the insurance proceeds we receive based on the total loss. We agree to waive the Gap Amount if you had the vehicle insurance required by this lease at the time of total loss, in which case you will pay to us the sum of: (a) all unpaid amounts that are due or past due under this lease; plus (b) the amount of your insurance deductible; plus (c) any other amounts that were subtracted from the vehicle's actual cash value to determine the insurance proceeds we received for the total loss. If this is a single payment lease, you will receive a refund equal to your lease payment divided by your Lease Term (as shown on page 1 of this lease) times the number of months left in this lease at the time of the loss of the vehicle. If you do not have insurance on the vehicle, or your insurance company denies part or all of your claim, you will be in default and will pay us the early termination liability set forth in section 23.

This subsection will not apply and you will be in default if you accept a cash-value settlement from your insurance company without first receiving our consent and forwarding any such settlement to us.

## End of Lease

**21. Purchase Option.** If you purchase the vehicle at any time, you agree to re-register and re-title the vehicle in your name no later than 30 days from the time you purchase it. If you fail to do so, we reserve the right to cancel the registration.

**a. Scheduled Termination.** At the end of the scheduled Lease Term, you may purchase the vehicle "as is" for the amount set forth in section 9 of this lease plus any lease payments or other amounts due under the lease at the time of termination.

**b. Before Scheduled Termination.** At any time before the scheduled Lease End, you have an option to purchase the vehicle "as is" for the Early Purchase Option Price (described below).

   **1) Standard Lease - Early Purchase Option Price.** If this is a Standard Lease as indicated on page 1 of the lease, the Early Purchase Option Price is the sum of: (a) any lease payments and other amounts due under the lease at the time of termination; plus (b) all fees and taxes assessed on or billed in connection with this lease or the vehicle; plus (c) the Adjusted Lease Balance (explained below); plus (d) the Purchase Option Fee provided in section 9 on page 2 of this lease.

   The **Adjusted Lease Balance** is calculated by reducing the Adjusted Capitalized Cost each month, on each monthly payment due date, by the difference in the base monthly payment and the part of the rent charge earned in that month calculated on a constant yield basis.

   **2) Single Payment Lease - Early Purchase Option Price.** If this is a Single Payment Lease as indicated on page 1 of this lease, the Early Purchase Option Price is: (a) any lease payments and other amounts due under the lease at the time of termination; plus (b) the Purchase Option Fee provided in section 9 on page 2 of this lease; plus (c) all fees and taxes assessed on or billed in connection with this lease or the vehicle; plus (d) the Residual Value printed on page 1 of this lease; less (e) the unearned rent charges you paid calculated on a constant yield basis.

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

DEAL# 634100

**End of Lease (Continued)**

## 22. Return of Vehicle.

**a. Scheduled Termination.** If this lease is not terminated early and you do not purchase the vehicle, you will, at Lease End: (1) return the vehicle to us at the time and place we specify at your expense; (2) complete and sign an odometer statement; (3) pay the following amounts: (a) any amount owed for excess wear and use (explained in section 22.a.2.); **plus** (b) all unpaid amounts that are due or past due under this lease; **plus** (c) the Vehicle Turn-In Fee provided on page 2 of this lease; **plus** (d) any official fees and taxes related to the scheduled termination; **plus** (e) the Missing Records Fee in the amount provided on page 3 of this lease, if any maintenance booklets are not returned with the vehicle. You agree to cooperate in the completion of an inspection of the vehicle, which will be completed prior to, at, or after Lease End. You understand that subsequent inspections, where allowed by law, may result in the identification of additional excess wear and use, for which you will be responsible. You understand that we may engage a third party to conduct the vehicle inspection and to prepare a condition report.

**1) Failure to Return Vehicle.** If, at Lease End, you do not return the vehicle to us or you do not exercise your option to purchase the vehicle, you will be in default and you must pay the purchase price in section 9 unless we agree to an extension in writing. If this is a Standard Lease, as indicated on page 1 of this lease, you will pay an amount equal to your Total Monthly Payment provided on page 2 of this lease, for each month, or part thereof, that you retain the vehicle after Lease End until we receive the purchase price, a written extension agreement, or we repossess the vehicle, in which case you will also owe all expenses incurred recovering the vehicle. If this is a Single Payment Lease, as indicated on page 1 of this lease, you will pay an amount equal to the Total Single Payment divided by the Lease Term for each month, or part thereof, that you retain the vehicle after Lease End until we receive the purchase price, a written extension agreement, or we repossess the vehicle, in which case you will also owe all expenses incurred recovering the vehicle. Our acceptance of any lease payments after Lease End does not give you the right to keep the vehicle and it does not mean that we agree to extend this lease.

**2) Standards for Excess Wear and Use.** Unless you are charged an Early Return of Vehicle Charge determined by Calculation A or C in section 22.b. of this lease, if you do not purchase the vehicle, you agree to pay for excess wear and use. Excess wear and use includes a charge for any miles driven in excess of the Mileage Allowance and the estimated cost of repairs to the vehicle that are the result of excess wear and use, whether or not we actually repair the vehicle, except where limited by law. In addition to miles driven in excess of your Mileage Allowance, excess wear and use includes, but is not limited to: (a) damage to the major driveline components (engine, transmission, differential) not covered by warranty; (b) damage to the electrical system or battery: (c) damage to the frame; (d) missing or broken parts, equipment or accessories, including optional factory equipment, keys or remote keyless entry devices, tool kits, or anything else that was in or on the vehicle when you received it; (e) missing tires, tires that are not equivalent in quality and performance to the original tires, tires on each axle that are not the same size, brand, model, type and speed rating, tires that have sidewall plugs, cuts, exposed cords, or are otherwise damaged, tires that have less than 4/32-inch tread; (f) wheels that are scratched, broken, cracked, or otherwise damaged; (g) non-original equipment manufacturer (OEM) wheels of lesser quality or value than the vehicle's original OEM wheels, including any such non-OEM wheels installed at your request prior to taking delivery of the vehicle at lease inception; (h) OEM wheels modified from the original factory condition, including modifications performed at your request prior to taking delivery of the vehicle at lease inception; (i) damage to the body, fenders, metalwork, lights, trim or paint, including but not limited to dents or rust; (j) damaged or stained dash, floor covers, seats, or any other part of the interior; (k) non-OEM glass, and nonfunctioning, discolored, or broken glass, including, stars, cracks, holes or plugs; (l) failure to maintain the vehicle according to the manufacturer's specifications and as provided for in this lease; (m) after-market alterations made without our consent; (n) water damage; (o) damage that makes the vehicle run in a noisy, rough, or improper way, or that makes the vehicle unsafe or unlawful; (p) paint, covers, coatings or other alterations to the original finish of the vehicle that change all or any part of the vehicle's color or finish from the original color and finish, including any such alteration performed at your request prior to taking delivery of the vehicle at lease inception; and (q) any other damage to the interior or exterior that is beyond ordinary wear and use.

**b. Early Termination by You.** If you are not in default and you do not purchase the vehicle, you may terminate this lease at any time. If you terminate your lease before the Lease End, you must return the vehicle to us and pay your Early Return of Vehicle Charge, described below).

**1) Standard Lease - Early Return of Vehicle Charge.** If this is a Standard Lease, as indicated on page 1 of this lease, your Early Return of Vehicle Charge is determined by Calculation A or Calculation B, below, whichever is less:

**Calculation A:** (1) All unpaid Monthly Payments that have accrued up to the date of termination; **plus** (2) All other unpaid amounts, other than excess wear and use and mileage charges, due under the lease (including, but not limited to, all official fees and taxes related to the lease or the vehicle in connection with lease termination); **plus** (3) The Vehicle Turn-In Fee; **plus** (4) Any amount determined by subtracting the vehicle's then Fair Market Wholesale Value from the Adjusted Lease Balance. If the Fair Market Wholesale Value exceeds the Adjusted Lease Balance, the excess will be applied as a credit toward your liability. You will not receive a refund for any remaining excess.

**Calculation B:** (1) All Monthly Payments not yet due under the lease; **plus** (2) All unpaid Monthly Payments that have accrued up to the date of termination; **plus** (3) All other unpaid amounts, due under the lease (including, but not limited to, all official fees and taxes related to the lease or the vehicle in connection with lease termination); **plus** (4) The Vehicle Turn-In Fee; **plus** (5) The amount, if any, for excess wear and use, which includes a charge for excess mileage.

**2) Single Payment Lease - Early Return of Vehicle Charge.** If this is a Single Payment Lease, as indicated on page 1 of this lease, your Early Return of Vehicle Charge is determined by Calculation C or Calculation D, below, whichever is less:

**Calculation C:** (1) All unpaid amounts due under the lease, other than excess wear and use and mileage charges (including, but not limited to, all official fees and taxes related to the lease or the vehicle in connection with lease termination); **plus** (2) The Vehicle Turn-In Fee; **plus** (3) Any amount determined by subtracting the vehicle's then Fair Market Wholesale Value from the Residual Value; **less** (4) Any unearned rent charges that you paid, calculated on a constant yield basis. If the Fair Market Wholesale Value exceeds the Residual Value, the excess will be applied as a credit toward your liability. You will not receive a refund for any remaining excess.

**Calculation D:** (1) All unpaid amounts due under the lease (including, but not limited to, all official fees and taxes related to the lease or the vehicle in connection with lease termination); **plus** (2) The Vehicle Turn-In Fee; **plus** (3) The amount, if any, for excess wear and use, which includes a charge for excess mileage.

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

## End of Lease (Continued)

**3) Fair Market Wholesale Value.** The Fair Market Wholesale Value will be determined in one of the following ways: (a) within 3 days of the scheduled date of disposition, you may obtain, at your own expense, from an independent third party agreeable to both you and us, a professional appraisal of the wholesale value of the vehicle which could be realized at sale. The appraised value shall be final and binding and then used as the Fair Market Wholesale Value; (b) by the amount paid for the vehicle upon disposing of the vehicle in a commercially reasonable manner; (c) if we retain ownership of the vehicle, the wholesale value of the vehicle as specified in the current edition in a recognized used vehicle value guide customarily used by California motor dealers to value vehicles or (d) if the vehicle is subject to a total loss due to collision, destruction or unknown theft as determined by us, the Fair Market Wholesale Value will equal: (i) the amount of any proceeds we receive from your required insurance; plus (ii) the amount of your deductible under such insurance if that amount has been paid to us. If there are no insurance proceeds under (d) above, the Fair Market Wholesale Value will be zero.

## 23. Default.

**a. Early Termination by Us.** We may terminate this lease at any time if you are in default (see section 23.b.), and you must pay us your Early Termination Liability. Your Early Termination Liability equals all expenses related to recovering, obtaining, storing and preparing for sale and selling the vehicle, including, but not limited to, reasonable attorney fees, collection costs, and court costs, to the extent not prohibited by law; plus: (1) if this is a Standard Lease as indicated on page 1 of this lease, the amount determined by Calculation A in section 22.b.; or (2) if this is a Single Payment Lease as indicated on page 1 of this lease, the amount determined by Calculation C in section 22.b.

**b. Events of Default.** You will be in default if: (1) you fail to make any payment when due, including any amount required to be paid under the sections of this lease entitled RETURN OF VEHICLE, Scheduled Termination or Early Termination by you; (2) you break any promise or conditions in the lease or any other agreement with us; (3) you fail to maintain required insurance or you do anything that invalidates your required insurance; (4) you fail to return the vehicle as we specify; (5) you gave false or misleading information to us on your credit application or other document; (6) you die, are declared incompetent, become insolvent, a bankruptcy petition is filed by or against you, or you dissolve active business affairs; (7) the vehicle is seized or levied upon by any government or legal process; (8) the vehicle is destroyed, abandoned, stolen or damaged beyond repair; (9) your driver's license expires or is suspended, revoked, or canceled; or (10) anything else happens that we reasonably believe in good faith endangers the vehicle or your ability to pay.

**c. Remedies for Default.** If you are in default, you will owe your Early Termination Liability provided in section 23.a., and we may take any or all of the following actions: (1) terminate this lease and your rights to the vehicle; (2) take possession of the vehicle without prior demand, unless notice or demand is required by law; (3) take reasonable action to prevent the default or our loss; (4) require you to return the vehicle and any related records; (5) make a claim for insurance, service, maintenance or other optional contract benefits or refunds available on your default and apply such amount to the amount you owe under this lease; or (6) use any remedy we have at law or in equity. You agree to reimburse us for any amounts we choose to pay under this lease that you are required to pay, including amounts we pay to cover your default or enforce our right to the vehicle. You agree that in the event we hire an attorney to collect any amount due or enforce any right or remedy under this lease, you shall pay our attorney fees and court costs.

If we take possession of the vehicle as provided in section 23.c.2., we may take any personal property in the vehicle. We will hold the personal property for you for 20 days. If you do not pick up the property within that time, we may dispose of it in any manner.

## Additional Information

## 24. Assignment and True Lease.
You understand that this is a true lease and that you do not have equity or other ownership rights in the vehicle unless you purchase it from us. You may not assign, sell, sublease or arrange an assumption of your interests or rights under this lease or in the vehicle without our written permission. You understand that we may assign our rights and obligations under this lease at any time or to anyone, including Mercedes-Benz Vehicle Trust, without first notifying you. You agree and grant us permission to provide information about you, the vehicle or this lease to our affiliates at any time, subject to the terms of the Assignee's Privacy Policy. Lessor and its employees are not agents of Assignee and have no authority to obligate Assignee. Mercedes-Benz Financial Services USA LLC ("MBFS"), as the servicing agent for Mercedes-Benz Vehicle Trust, has the power to act on Mercedes-Benz Vehicle Trust's behalf to administer, enforce and defend this lease. You agree to pay all amounts due under this lease to MBFS or as otherwise directed by MBFS.

## 25. Late Charges/Returned Payment and Other Fees/Fines, Citations and Toll Charges.
If we do not receive the entire amount of your Monthly Payment within 10 days after it is due, you will pay us a late fee of $50 or 5% of the unpaid amount whichever is less. If any check, draft, order, or other payment instrument is returned to us for any reason, or if any authorized electronic debit is not paid, you will pay us a fee of $25. You agree to pay all fines, citations and toll charges imposed on the vehicle or its driver. If you do not pay such fines, citations or toll charges and we pay, you will reimburse us and pay us an administration fee of $25 to the extent permitted by law. Unless prohibited by applicable law, you agree to pay a processing fee in connection with any payment you make to us by authorizing us, or a bill payment service, orally or in writing, to write a check on your behalf, use automated clearing house procedures, or use any other commercially accepted practice to make your payment from your checking or other account. The amount of the processing fee will be the amount you agree to, orally or otherwise, at the time you authorize us or the bill payment service to process your payment.

## 26. Indemnification.
You will defend, indemnify and hold harmless Lessor and Assignee from and against any loss and all losses or damages to the vehicle and from all claims, losses, suits, actions, liabilities, costs and expenses (including, but not limited to reasonable attorney fees) related to and/or against the use, operation or condition of the vehicle.

## 27. Notices/General.
We will send notices and correspondence to you at the billing address you provided on this lease. If this address or the garage address changes, you will inform us, in writing, within 30 days of the change.

You consent and agree that MBFS and any successors, affiliates, agents or service providers may to the extent permitted by law: (i) monitor and record telephone calls concerning your account to assure quality of service or for other reasons; and (ii) use written, verbal, and electronic means to contact you, including, without limitation, manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic dialing systems. Such means of contact may include use of an email address or any telephone number you provide, now or in the future, including a cellular phone or other wireless device number, regardless of whether you incur charges as a result.

Section headings in this lease are for convenience of reference only and are not part of the lease for any other purpose.

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

**Additional Information (Continued)**

**28. Refundable Security Deposit.** The Refundable Security Deposit may be used to pay all amounts that you fail to pay under this lease or to satisfy any remedy for Default. Any portion of the Refundable Security Deposit not applied to amounts that you owe will be returned to you after termination of this lease and our determination that the amounts you owed at the end of this lease have been paid. Even if we have refunded to you all or any portion of the Security Deposit, you are still responsible for amounts due and owing after termination of this lease, such as personal property tax. You may not apply any portion of the Security Deposit to a Monthly Payment. You will not earn interest on the Security Deposit. Any interest or monetary benefit to us which may accrue as a result of our retention of the Security Deposit will neither be paid to you nor applied to reduce your obligations under this lease.

**29. Modification.** Any change to this lease must be in writing and signed by Assignee. However, if permitted by law, extensions, deferrals, or due date changes may be agreed to orally by you and Assignee, and we will send you written confirmation.

**30. Enforceability.** Each person who signs this lease is jointly and severally liable under this lease and for all payments, whether or not we try to collect from the other signers. We do not have to repossess the vehicle to exercise any other rights. This lease is subject to the laws of the state where it was signed. This lease is the entire agreement between you and us and is binding on anyone who assumes our interest in it. We are not bound by any statements or representations made by agents or sales people if not contained in this lease. We make no promises regarding any tax benefits to you from leasing. Unless otherwise provided in this lease, if we waive any provision of this lease or if any provision in this lease is held to be unenforceable, void, illegal or otherwise against applicable law, the other provisions shall survive and be enforceable separately from any voided provisions, unless otherwise provided in this lease.

**31. Delivery.** You accept delivery of the vehicle described in this lease and acknowledge that it is equipped as described, is in good operating order and condition, and has the odometer reading recorded on page 1 of this lease in the Vehicle Information section.

**32. Payment Obligations.** You may not change or stop any lease payments for any reason, even if you do not receive an invoice, and even if the vehicle is stolen, destroyed, seized by the government or a court, experiences mechanical problems, or does not satisfactorily perform. If you experience mechanical or other difficulties with the vehicle, you will pursue these issues with the manufacturer.

If any payment received or applied is avoided, set aside, or returned for any reason, including, without limitation, the bankruptcy or insolvency of you or any other payor or person, the indebtedness to which the payment was applied shall for all purposes be deemed to have continued in existence notwithstanding our application of such payment, and the lease shall be enforceable as to that indebtedness as fully as if we had not received or applied the payment.

**33. Taxes, Registration and Titling.** You agree to title, register and license the vehicle in the state in which it is primarily located. You are aware that the vehicle is to be titled in our name. You must request any power of attorney required from us to title, register, or license the vehicle. You agree to promptly pay all title, registration, license, inspection, testing, personal property taxes, and other fees, taxes and charges imposed by government authorities in connection with the vehicle, this lease, or any amounts due or payable arising from this lease. We may pay any or all license, title and registration costs, fees, charges and taxes relating to the vehicle or this lease that you do not pay, and you agree to reimburse us for all such amounts. We have no duty to account to you for the fees, charges, or taxes we pay. You are responsible for any fines, penalties, and/or interest if you do not pay a bill when it is due. If the vehicle is primarily located in a state other than a state that bills you directly for personal property tax, we will invoice you for personal property tax, if applicable, after we have been billed by the taxing authority. During the term of this lease, you agree to pay the invoice amount on or before your next Monthly Payment due date. We may receive some bills after this lease has ended. You agree to pay us within 10 days of being invoiced. If the vehicle is primarily located in a state that bills you directly for personal property tax, you will pay the state DIRECTLY for the personal property tax owed on the vehicle. If you do not pay, and we pay the personal property tax, you will reimburse us the cost of the personal property tax and any penalties incurred.

**34. Security Interest.** You grant us a security interest, to the extent permitted by law, in the following, to secure performance of your lease obligations: (1) proceeds of any insurance with respect to the vehicle; (2) proceeds of any optional service, maintenance or other contract purchased with this lease; and (3) any unearned premiums, charges or refunds of any of the foregoing.

The conditions, if any, under which you may cancel any such optional contract are contained in the agreement under which the services or coverage are to be provided. In the event you cancel any such contracts purchased with this lease, you authorize MBFS to receive any refund of unearned premiums or charges on your behalf and apply the refund against the amount you owe under this lease.

**You will not allow any lien or encumbrance to attach to the vehicle.**

If this is a Standard Lease as indicated on page 1 of this lease, Mercedes-Benz Vehicle Trust grants a security interest in the vehicle to Collateral Title Co., as collateral agent, pursuant to the Amended and Restated Collateral Agency Agreement dated as of March 1, 2009.

**35. Power of Attorney.** You appoint us, to the extent permitted by law, through our appointed officer or employee, as your attorney-in-fact to act on your behalf in any insurance/coverage matter relating to the vehicle, including, but not limited to, the power to endorse insurance/coverage proceeds checks or drafts on your behalf; to cancel any Credit Life, Credit Disability, Guaranteed Automotive Protection Coverage, Extended Warranty, or other optional insurance/coverage financed under this lease; and to apply the refunded premium or cost to your outstanding balance if you are in default. Your grant of this power of attorney is coupled with an interest and is irrevocable until all obligations you owe under this lease are paid in full.

**36. Vehicle Location Consent.** Notwithstanding anything in the Terms of Use for the Mercedes me connect Services, Mercedes-Benz mbrace™ Terms of Service, or any other similar agreement or document provided or made available to you in connection with your Mercedes-Benz vehicle, if you are in default, you consent and authorize us and our agents, representatives and affiliates, and any service provider acting on our behalf, to (a) obtain data from the vehicle, including the location of the vehicle, (b) release the data to us, our affiliates and service providers, and (c) use such data for the purpose of locating the vehicle, including with respect to repossession of it. This consent supersedes any deactivation of any Mercedes me connect, mbrace™, or other services.

©2018 Mercedes-Benz Financial Services USA LLC
EC-001-5040 CA (02/23) All rights reserved

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

PLAINTIFF'S COMPLAINT FOR DAMAGES

# LITHIA

**Keyes European #374**
5400 Van Nuys Blvd. Van Nuys, CA 91401
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service Fax: (747) 233-7522
www.keyesmercedes.com
REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 679811, Dallas Texas 75267-9811

Customer Number: **8745564**

Invoice No: **139185**
*INVOICE*

**Page 1 of 3**

*EDVARD DAMIEOYAN*

Home:          Bus:          Cell:

Email:

SERVICE ADVISOR: *230865 Karp Papazian*

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|-------|------|------------|-----|---------|------------------|-----|
|  | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 |  | 1006 / 1007 | TB780 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|-----------|------------|------------|----------|--------|------|---------|-----------|
| 30MAR23 |  |  | 17:00 28APR23 |  | 0.00 | CASH | 23AUG23 |

| R.O. OPENED | READY | OPTIONS: |
|-------------|-------|----------|
| 14:23 20APR23 | 11:01 23AUG23 |  |

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|------|--------|------|------|-------|--|------|-----|-------|

A CUSTOMER STATES WINDSHIELD WIPER MALFUNCTION MESSAGE IS ON
CAUSE: 82001737

```
    DIAG DIAGNOSIS CONCERN
        230889      W                                              (N/C)
        256524      W                                              (N/C)
      1 296-820-76-00 WIPER SYSTEM                                 (N/C)
    826315 REPLACE WINDSHIELD WIPER SYSTEM
        230889      W                                              (N/C)
    541011 PERFORM QUICK TEST
        230889      W                                              (N/C)
    540650 ON-BOARD POWER SUPPLY VOLTAGE MAINTAIN
        (WHEN CHECKING/ TESTING AND TROUBLESHOOTING)
        230889      W                                              (N/C)
    820681 CHECK INDIVIDUAL PARTS OF WINDSHIELD
        WIPERS AND WINDSHIELD WASHER SYSTEMS:
        ..................... AS PER FAULT CODE
        230889      W                                              (N/C)
```

PARTS:     0.00  LABOR:     0.00  OTHER:     0.00     TOTAL LINE A:     0.00

CONNECTED MAINTAINER, RAN DTCS. FOUND FAULT CODE B237904 The wiper
motor has a malfunction. There is an internal fault. AS PER GUIDED TEST
CHECKED FOR POWER AND GROUND. FOUND 13.5V AT POWER AND 0.3 OHMS AT
GROUND. CHECKED LIN WITH OSCILLOSCOPE. FOUND GOOD PATTERN AND GOOD
VOLTAGE. FOUND WIPER TO HAVE INTERNAL ELECTRICAL FAULT. RR FILTER
COVER, RR HEPPA FILTER HOUSING, RR WINDSHIELD COWL. REPLACED WINDSHIELD
WIPER MOTOR ASSEMBLY. PERFORMED INITIAL START UP. PERFORMED FUNCTION
TEST AND FOUND OK.

```
            *****************************************************
```

B CUSTOMER STATES BLIND SPOT ASSIST MESSAGE COMES ON
CAUSE: DIAGNOSIS

```
    540991 PROGRAM AND CODE CONTROL UNIT
        .................... (AFTER QUICK TEST)
        230889      W                                              (N/C)
```

PARTS:     0.00  LABOR:     0.00  OTHER:     0.00     TOTAL LINE B:     0.00

CONNECTED MAINTAINER, RAN DTCS. U015587 Communication with the

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By: | *HAZARDOUS WASTE DISPOSAL COSTS:* We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law. | DESCRIPTION | TOTALS |
|---|---|---|---|---|---|---|---|
| $ | $ | | | ☐ In Person Approval ☐ Telephone ☐ Text ☐ Email/Fax (See Attached) | | LABOR AMOUNT | |
| Revised Estimate | $ | | | ☐ In Person Approval ☐ Telephone ☐ Text ☐ Email/Fax (See Attached) | | PARTS AMOUNT | |
| RF ___ psi LF ___ psi RR ___ psi LR ___ psi | | | | | | GAS, OIL, LUBE | |
| ☐ Tire pressure check/inflation service was performed. | | | | | | SUBLET AMOUNT | |
| ☐ Customer declined tire pressure check/inflation service. | | | Initials | | ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. | WASTE DISPOSAL COSTS * | |
| | | | | | | TOTAL CHARGES | |
| | | | | | ☐ Some Parts Not Returnable | LESS INSURANCE | |
| | | | | | | SALES TAX | |
| | | | | | | PLEASE PAY THIS AMOUNT | |

By signing below, you acknowledge that you were notified of and authorized the
Dealership to perform the services/repairs itemized in this Invoice and that you received
(or had the opportunity to inspect) any replaced parts as requested by you.

DATE          CUSTOMER SIGNATURE          AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
*CUSTOMER COPY*

DealerCAP 2014 CDK Global, LLC (01/15) SERVICE INVOICE TYPE 2 - 512C - "LIMITED WARRANTY/AS IS" - CALIFORNIA - 9658012

B.A.R. REG.# 298349   EPA# CAL000458141

**LITHIA**

**Keyes European #374**
5400 Van Nuys Blvd. Van Nuys, CA 91401
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service  Fax: (747) 233-7522
www.keyesmercedes.com

Customer Number: **8745564**

Invoice No: **139185**

*INVOICE*

**EDVARD DAMIEOYAN**

**Page 2 of 3**

Home:          Bus:          Cell:

Email:

REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 679811, Dallas Texas 75267-9811

**SERVICE ADVISOR: 230865 Karp Papazian**

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|-------|------|-----------|-----|---------|------------------|-----|
|  | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 |  | 1006 / 1007 | TB780 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|-----------|-----------|-----------|----------|--------|------|---------|-----------|
| 30MAR23 |  |  | 17:00 28APR23 |  | 0.00 | CASH | 23AUG23 |

| R.O. OPENED | READY | OPTIONS: |
|-------------|-------|----------|
| 14:23 20APR23 | 11:01 23AUG23 | |

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|------|--------|------|------|-------|--|------|-----|-------|

instrument cluster has a malfunction. The message is missing. AS PER
GUIDED TEST PERFORMED SOFTWARE UPDATE AND FOUND CONCERN NO LONGER
PRESENT.
*******************************************************
C CUSTOMER STATES WHEN TURNING ON CRUISE CONTROL WHEEL ASSISTANCE
      MALFUNCTION MESSAGE COMES ON
CAUSE: 5412W908
      540991 PROGRAM AND CODE CONTROL UNIT
      .................... (AFTER QUICK TEST)
            256524    W                                              (N/C)
PARTS:    0.00  LABOR:      0.00  OTHER:      0.00   TOTAL LINE C:    0.00
CONNECTED MAINTINER, RAN DTCS. U0420EC Implausible data were
received from control unit "Power steering". AS PER GUIDED TEST
PERFORMED SOFTWARE UPDATE ON DRIVER ASSISTANCE MODULE AND PERFORMED
FUNCTION TEST. FOUND CONCERN NO LONGER PRESENT.
*******************************************************
D PERFORM TIRE PRESSURE CHECK
      PSI PERFORM TIRE PRESSURE CHECK
            256524    ISP                                            (N/C)
            230889    ISP                                            (N/C)
PARTS:    0.00  LABOR:      0.00' OTHER:      0.00   TOTAL LINE D:    0.00
*******************************************************
E REMOVE ALL PERSONAL PROPERTY AND VALUABLES FROM YOUR VEHICLE. WE DO
      NOT ASSUME RESPONSIBILITY FOR LOSS OR DAMAGE FOR ARTICLES LEFT
      IN YOUR VEHICLE
      PPD REMOVE ALL PERSONAL PROPERTY AND VALUABLES
            FROM YOUR VEHICLE. WE DO NOT ASSUME
            RESPONSIBILITY FOR LOSS OR DAMAGE FOR
            ARTICLES LEFT IN YOUR VEHICLE
            256524    ISP                                            (N/C)
            230889    ISP                                            (N/C)
PARTS:    0.00  LABOR:      0.00  OTHER:      0.00   TOTAL LINE E:    0.00
*******************************************************
F PERFORM MULTI POINT INSPECTION

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By: |
|---|---|---|---|---|
| $ | $ | | | ☐ In Person Approval ☐ Telephone ☐ Text ☐ Email (Fax Sign Attached) |
| Revised Estimate | | | | ☐ In Person Approval ☐ Telephone ☐ Text ☐ Email (Fax Sign Attached) |
| $ | $ | | | |

☐ Tire pressure check/inflation service was performed.
RF____psi LF____psi RR____psi LR____psi
☐ Customer declined tire pressure check/inflation service.        Initials____

By signing below, you acknowledge that you were notified of and authorized the
Dealership to perform the services/repairs itemized in this Invoice and that you received
(or had the opportunity to inspect) any replaced parts as requested by you.

DATE          CUSTOMER SIGNATURE          AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

***HAZARDOUS WASTE DISPOSAL COSTS:** We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law.

**ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED.**
☐ Some Parts Not Returnable

| DESCRIPTION | TOTALS |
|-------------|--------|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| WASTE DISPOSAL COSTS * | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| **PLEASE PAY THIS AMOUNT** | |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
*CUSTOMER COPY*

DealerCAP 2014 CDK Global, LLC (01/19) SERVICE INVOICE TYPE 2 - SI2C - "LIMITED WARRANTY/AS IS" - CALIFORNIA - 9090022

B.A.R. REG.# 298349    EPA# CAL000458141

Customer Number: **8745564**

Invoice No: **139185**

*INVOICE*

# LITHIA
**Keyes European #374**
5400 Van Nuys Blvd. Van Nuys, CA 91401
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service  Fax: (747) 233-7522
www.keyesmercedes.com
REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 679811, Dallas Texas 75267-9811

**EDVARD DAMIEOYAN**

**Page 3 of 3**

Home:                 Bus:                 Cell:

Email:

SERVICE ADVISOR: *230865 Karp Papazian*

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
|  | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 |  | 1006 / 1007 | TB780 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 30MAR23 |  |  | 17:00 28APR23 |  | 0.00 | CASH | 23AUG23 |

| R.O. OPENED | READY | OPTIONS: |
|---|---|---|
| 14:23 20APR23 | 11:01 23AUG23 |  |

| LINE | OPCODE | TECH | TYPE | HOURS |  |  | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|---|

INSP PERFORM MULTI POINT INSPECTION
    230889   ISP                                               (N/C)
PARTS:    0.00  LABOR:    0.00  OTHER:    0.00   TOTAL LINE F:    0.00
    **************************************************

G** LOANER COURTESY OF KEYES A $200 DEPOSIT IS REQUIRED. NO EXCEPTIONS.
    ALL VEHICLES ARE NON SMOKING AND VIOLATION OF THIS POLICY WILL
    FORFEIT DEPOSIT. TIRE DAMAGE AND PHYSICAL DAMAGE IS THE
    RESPONSIBILITY OF THE CLIENT. 75MILES PER DAY MAXIMUM.
CAUSE: LOANER COURTESY OF LITHIA KEYES EUROPEAN
    LOANER LOANER COURTESY OF KEYES A $200 DEPOSIT IS
    REQUIRED. NO EXCEPTIONS. ALL VEHICLES ARE
    NON SMOKING AND VIOLATION OF THIS POLICY
    WILL FORFEIT DEPOSIT. TIRE DAMAGE AND
    PHYSICAL DAMAGE IS THE RESPONSIBILITY OF THE
    CLIENT. 75MILES PER DAY MAXIMUM.
    256524   CM                            0.00      0.00
PARTS:    0.00  LABOR:    0.00  OTHER:    0.00   TOTAL LINE G:    0.00
    **************************************************

CC CREATED 2023-04-14           From all of us at Van Nuys European,
02:33:00PM TAKEN BY DAMIA N    thank you for your business. You may receive
LOPEZ                           a survey based on today's visit, if you're
                                  unable to answer "Exceptional Service",
                                  please speak with our Service Manager.

                                  Thanks again!

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By: |
|---|---|---|---|---|
| $ | $ |  |  | ☐ In Person Approved ☐ Telephone ☐ Text ☐ Email/Fax (See Attached) |
| Revised Estimate $ | $ |  |  | ☐ In Person Approved ☐ Telephone ☐ Text ☐ Email/Fax (See Attached) |

☐ Tire pressure check/inflation service was performed.
  RF____psi LF____psi RR____psi LR____psi
☐ Customer declined tire pressure check/inflation service.     Initials_____

By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this Invoice and that you received (or had the opportunity to inspect) any replaced parts as requested by you.

DATE          CUSTOMER SIGNATURE          AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

**\*HAZARDOUS WASTE DISPOSAL COSTS:** We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law.

**ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED.**
☐ Some Parts Not Returnable

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | $          0.00 |
| PARTS AMOUNT | $          0.00 |
| GAS, OIL, LUBE | $          0.00 |
| SUBLET AMOUNT | $          0.00 |
| WASTE DISPOSAL COSTS * | $          0.00 |
| TOTAL CHARGES | $          0.00 |
| LESS INSURANCE | $          0.00 |
| SALES TAX | $          0.00 |
| PLEASE PAY THIS AMOUNT | $          0.00 |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
*CUSTOMER COPY*

DealerCAR  2014 CDK Global, LLC  101/19) SERVICE INVOICE TYPE 2 - SIZC - "LIMITED WARRANTY/AS IS" - CALIFORNIA - 3689022

B.A.R. REG.# 298349    EPA# CAL000458141

Customer Number:**8745564**      — Invoice No: **166052**

**LITHIA**
**Keyes European #374**
5400 Van Nuys Blvd. Van Nuys, CA 91401
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service Fax: (747) 233-7622
www.keyesmercedes.com
REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 679811, Dallas Texas 75267-9811

*INVOICE*

**EDVARD DAMIEOYAN**

Page 1 of 4

Home:                Bus:              Cell:

Email:

SERVICE ADVISOR: **230846 Kirk Wallace**

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|-------|------|------------|-----|---------|------------------|-----|
|       | 23   | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 |         | 9276 / 9279 | TE145 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|-----------|------------|------------|----------|--------|------|---------|-----------|
| 30MAR23   |            |            | 17:00 05JAN24 |    | 0.00 | CASH    | 05JAN24   |

| R.O. OPENED | READY | OPTIONS: |
|-------------|-------|----------|
| 10:03 03JAN24 | 14:30 05JAN24 | |

| LINE | OPCODE | TECH | TYPE | HOURS | - | | LIST | NET | TOTAL |
|------|--------|------|------|-------|---|--|------|-----|-------|

**A** CLIENT STATES LEFT TURN SIGNAL MALFUCTION INDICATOR LIGHT IS ON
CAUSE: DIAGNOSIS
   DIAG DIAGNOSIS CONCERN
     275061   ISP                                        (N/C)
PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE A:   0.00
9279 COULD NOT DUPLICATE CUSTOMER CONCERN RAN INITIAL SHORT TEST.
NO RELEVANT FAULT CODES FOUND IN N80 - Steering column module (SCM).
ACTUAL VALUES WITHIN SPECIFICATION. PERFORMED FUNCTION TEST. TURN
SIGNAL FUNCTIONS ARE OPERATIONAL. COULD NOT DUPLICATE CUSTOMER CONCERN.
*****************************************************

**B** CLIENT STATES LEFT LOW BEAM MALFUCTION INDICATOR LIGHT IS ON
  R GENERAL REPAIR
     275061   ISP                                        (N/C)
PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE B:   0.00
9279 SEE LINES 'H' AND 'I' FOR DETAILS.
*****************************************************

**C** CLIENT STATES THE RIGHT TURN SIGNAL MALFUCTION INDICATOR LIGHT HAS
  COME ON
  R GENERAL REPAIR
     275061   ISP                                        (N/C)
PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE C:   0.00
9279 SEE LINE 'A' FOR DETAILS.
*****************************************************

**D** CLIENT STATES THE LANE CHANGE ASSIST MALFUCTION INDICATOR LIGHT IS ON
CAUSE: 54897908 (JB)
   541011 PERFORM QUICK TEST
     275061   W                                          (N/C)
   540650 ON-BOARD POWER SUPPLY VOLTAGE MAINTAIN
     (WHEN CHECKING/ TESTING AND TROUBLESHOOTING)
     275061   W                                          (N/C)
   540791 SEPARATE PARTS FOR DRIVER ASSISTANCE
     SYSTEM: ................... CHECK ACCORDING
     TO FAULT CODE
     275061   W                                          (N/C)

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By |
|-----------------------------------|----------------------------------|--------------|-------------|---------------------------|
| Revised Estimate | | | | |

☐ Tire pressure check/inflation service was performed.
  RF ___ psi LF ___ psi RR ___ psi LR ___ psi
☐ Customer declined tire pressure check/inflation service. ___ Initials

By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received (or had the opportunity to inspect) any replaced parts as requested by you.

DATE ___ CUSTOMER SIGNATURE ___ AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

**\*HAZARDOUS WASTE DISPOSAL COSTS:** We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law.

**ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED.**
☐ Some Parts Not Returnable

| DESCRIPTION | TOTALS |
|-------------|--------|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| WASTE DISPOSAL COSTS \* | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
**CUSTOMER COPY**

DealerCAB  2014 CDK Global, LLC  ©11/18 SERVICE INVOICE TYPE 1  DUC - "LIMITED WARRANTIES IS"  CALIFORNIA  8838337

B.A.R. REG.# 298349   EPA# CAL000458141

Customer Number:8745564

Invoice No: **166052**

*INVOICE*

LITH

Keyes European

**EDVARD DAMEOYAN**

Page 2 of 4

Main: (747) 233-7600
Service Direct: (747) 233-74
Service Fax: (747) 333-762
www.keyesmercedes.com
REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 879811, Dallas Texas 75287-9811

Home:           Bus:                 Cell:

Email:

SERVICE ADVISOR: 230848 Kris Wallace

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
| | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 | | 9278 / 9279 | TE145 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | P.O. NO. | CHARGE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 30MAR23 | | | 17:00 05JAN24 | | 0.00 | CASH | 05JAN24 |

| R.O. OPENED | READY | OPTIONS: |
|---|---|---|
| 10:03 03JAN24 | 14:30 05JAN24 | |

| LINE | OPCODE | TECH | TYPE | HOURS | | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|---|

540991 PROGRAM AND CODE CONTROL UNIT
................... (AFTER QUICK TEST)
275061      W
(N/C)
0.00

PARTS:    0.00  LABOR:    0.00  OTHER:    0.00  TOTAL LINE D:
9279 RAN INITIAL SHORT TEST. FOUND FOLLOWING FAULT CODE IN A40/13 -
Multifunction camera (MFK): U041629 Implausible data were received from
control unit 'Traction system'. CHECKED SOFTWARE UPDATES FOR SAID UNIT.
FOUND AVAILABLE SOFTWARE FOR LONG RANGE RADAR. PERFORMED SOFTWARE
UPDATE. NOTE: SCN CODING FOR LONG RANGE RADAR FAILED TO PROCESS AFTER
CONTROL UNIT UPDATE. PERFORMED HARD RESET OF (MFK). REMOVED DRIVER SIDE
COVER OF INSTRUMENT PANEL. REMOVED 5AMP FUSE (F205) AT F152/1 FUSE AND
RELAY MODULE. PERFORMED HARD RESET OF LONG RANGE RADAR. REMOVED FRONT
PASSENGER SIDE PANELING. REMOVED 7.5 AMP FUSE (F323) AT F152/4 FUSE AND
RELAY MODULE. PERFORMED SCN CODING. CLEARED FAULT CODES. RAN FINAL
SHORT TEST. NO RELEVANT FAULT CODES FOUND.
*********************************************************

E PERFORM TIRE PRESSURE CHECK
PSI PERFORM TIRE PRESSURE CHECK
275061    ISP
(N/C)
0.00

PARTS:    0.00  LABOR:    0.00  OTHER:    0.00  TOTAL LINE E:
9279 RAN INITIAL SHORT TEST. FOUND FOLLOWING FAULT CODE IN E2n14 -
Digital headlamp control unit front left (DHLS-CU-VL): B10D812 The
output for the power supply of the control unit 'DIGITAL LIGHT light
source module' has a malfunction. There is a short circuit to positive.
PERFORMED FUNCTION TEST. RIGHT HEADLAMP FUNCTION IS OPERATIONAL.
PERFORMED VISUAL INSPECTION OF RIGHT HEADLAMP FOR WATER
INTRUSION/CORROSION. RESULT: OKAY. FOUND SOFTWARE UPDATE TO E2n14.
PERFORMED SOFTWARE UPDATE. NOTE: SCN CODE FOR E2n14 FAILED. PERFORMED
HARD RESET BY UNPLUGGING MAIN CONNECTOR AT HEADLAMP. PERFORMED SCN
CODE. CLEARED FAULT CODES. PERFORMED FUNCTION TEST. RAN FINAL SHORT
TEST. NO RELEVANT FAULT CODES FOUND. RIGHT HEADLAMP FUNCTIONS ARE
OPERATIONAL.
*********************************************************

P REMOVE ALL PERSONAL PROPERTY AND VALUABLES FROM YOUR VEHICLE. WE DO

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved by | Date & Time | Authorization Obtained By |
|---|---|---|---|---|
| $ | $ | | | |
| $ | $ | | | |
| Revised Estimate | $ | | | |

☐ Tire pressure check/inflation service was performed.
RF___psi LF___psi RR___psi LR___psi
☐ Customer declined tire pressure check/inflation service.  Initials____
By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received or had the opportunity to inspect any replaced parts as requested by you.

DATE        CUSTOMER SIGNATURE

HAZARDOUS WASTE DISPOSAL COSTS: We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substance under California and Federal Law.

ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED.
☐ Some Parts Not Returnable

AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| WASTE DISPOSAL COSTS * | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
*CUSTOMER COPY*

B.A.R. REG.# 288349   EPA# CAL000488141

Customer Number: **8745564**

Invoice No: **166052**

**•INVOICE•**

**EDVARD DANIEOYAN**

**Page 3 of 4**

5400

(747) 233-7600
(747) 233-7400
(747) 233-7622
www.LayesMercedes.com

REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 879911, Dallas Texas 75287-8811

Home:   Bus:   Cell:

Email:

**SERVICE ADVISOR: 230848 Kirk Wallace**

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|-------|------|-----------|-----|---------|------------------|-----|
| | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 | | 9270 / 9279 | TE145 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|-----------|-----------|-----------|----------|--------|------|---------|-----------|
| 30MAR23 | | | 17:00 05JAN24 | | 0.00 | CASH | 05JAN24 |

| R.O. OPENED | READY | OPTIONS: |
|-------------|-------|----------|
| 10:03 03JAN24 | 14:30 05JAN24 | |

LINE OPCODE TECH TYPE HOURS                               LIST      NET      TOTAL

```
        NOT ASSUME RESPONSIBILITY FOR LOSS OR DAMAGE FOR ARTICLES LEFT
        IN YOUR VEHICLE
    PPD REMOVE ALL PERSONAL PROPERTY AND VALUABLES
        FROM YOUR VEHICLE. WE DO NOT ASSUME
        RESPONSIBILITY FOR LOSS OR DAMAGE FOR
        ARTICLES LEFT IN YOUR VEHICLE                                    (N/C)
        275061  ISP                                                      0.00
PARTS:     0.00  LABOR:     0.00  OTHER:     0.00  TOTAL LINE F:
        ********************************************************
G PERFORM MULTI POINT INSPECTION
    INSP PERFORM MULTI POINT INSPECTION                                  (N/C)
        275061  ISP                                                      0.00
PARTS:     0.00  LABOR:     0.00  OTHER:     0.00  TOTAL LINE G:
        ********************************************************
H  UPON INSPECTION FOUND AVAILABLE SOFTWARE FOR THE RIGHT HEADLAMP
    1/5/24 850AM
CAUSE: DIAGNOSIS //82P03908 (JB)
    820641 CHECK INDIVIDUAL PARTS OF EXTERIOR LIGHTS:
        ...................... AS PER FAULT CODE
        275061  W                                                        (N/C)
    540991 PROGRAM AND CODE CONTROL UNIT                                 (N/C)
        275061  W                                                        0.00
PARTS:     0.00  LABOR:     0.00  OTHER:     0.00  TOTAL LINE H:
9279 RAN INITIAL SHORT TEST. FOUND FOLLOWING FAULT CODE IN E2n14 -
Digital headlamp control unit front right (DHLS-CU-VR): B1D0B12 The
output for the power supply of the control unit 'DIGITAL LIGHT light
source module' has a malfunction. There is a short circuit to positive.
PERFORMED FUNCTION TEST. RIGHT HEADLAMP IS OPERATIONAL.
PERFORMED VISUAL INSPECTION OF RIGHT HEADLAMP FOR WATER
INTRUSION/CORROSION. RESULT: OKAY. FOUND SOFTWARE UPDATE TO E2n14.
PERFORMED SOFTWARE UPDATE. NOTE: SCN CODE FOR E2n14 FAILED. PERFORMED
HARD RESET BY UNPLUGGING MAIN CONNECTOR AT HEADLAMP. PERFORMED SCN
CODE. CLEARED FAULT CODES. PERFORMED FUNCTION TEST. RAN FINAL SHORT
```

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved But | Date & Time | Authorization | DESCRIPTION | TOTALS |
|---|---|---|---|---|---|---|
| | | | | | LABOR AMOUNT | |
| | | | | | PARTS AMOUNT | |
| | | | | | GAS, OIL, LUBE | |
| | | | | | SUBLET AMOUNT | |
| ☐ Tire pressure check/inflation service was performed. | | | | | WASTE DISPOSAL COSTS | |
| | | | | ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. | TOTAL CHARGES | |
| ☐ Customer declined tire pressure check/inflation service. | | | | | LESS INSURANCE | |
| | | | ☐ Some Parts Not Returnable | | SALES TAX | |
| DATE | CUSTOMER SIGNATURE | AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE | | | PLEASE PAY THIS AMOUNT | |

*HAZARDOUS WASTE DISPOSAL COSTS: We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law.

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
**CUSTOMER COPY**

B.A.R. REG.# 298349   EPA# CAL000488141

Customer Number: 8745564

**EDVARD DAMROYAN**

Home:  
Emall:  
Bus:  
Cell:

Invoice No: 166052

*INVOICE*

Page 4 of 4

**LITHIA**
Keyes European #374
5400 Van Nuys Blvd, Van Nuys, CA 91401
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service Fax: (747) 233-7522
www.keyesmercedes.com
REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 879611, Dallas Texas 75287-9611

SERVICE ADVISOR: 230846 Kirk Wallace

| COLOR | YEAR | | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
| | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000801 | | 9276 / 9279 | TE145 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | P.O NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 30MAR23 | | | 17:00 05JAN24 | | 0.00 | CASH | 05JAN24 |

| R.O. OPENED | READY | OPTIONS: |
|---|---|---|
| 10:03 03JAN24 | 14:30 05JAN24 | |

| LINE | OPCODE | TECH | TYPE | HOURS | | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|---|

TEST. NO RELEVANT FAULT CODES FOUND. RIGHT HEADLAMP FUNCTIONS ARE OPERATIONAL.

```
*******************************************
```

I** UPON INSPECTION FOUND AVAILABLE SOFTWARE FOR THE LEFT HEADLAMP 849
     AM 010524
CAUSE: DIAGNOSIS //82B03908 (JB)
     540991 PROGRAM AND CODE CONTROL UNIT
     .................... (AFTER QUICK TEST)
     275061     W                                                    (N/C)
PARTS:    0.00  LABOR:     0.00  OTHER:     0.00   TOTAL LINE I:       0.00
9279 RAN INITIAL SHORT TEST. FOUND FOLLOWING FAULT CODE IN Elnl4 -
Digital headlamp control unit front left (DHLS-CU-VL): B1D0B12 The
output for the power supply of the control unit 'DIGITAL LIGHT light
source module' has a malfunction. There is a short circuit to positive.
PERFORMED FUNCTION TEST. RIGHT HEADLAMP FUNCTION IS OPERATIONAL.
PERFORMED VISUAL INSPECTION OF LEFT HEADLAMP FOR WATER
INTRUSION/CORROSION. RESULT: OKAY. FOUND SOFTWARE UPDATE TO E2n14.
PERFORMED SOFTWARE UPDATE. NOTE: SCN CODE FOR E2n14 FAILED. PERFORMED
HARD RESET BY UNPLUGGING MAIN CONNECTOR AT HEADLAMP. PERFORMED SCN
CODE. CLEARED FAULT CODES. PERFORMED FUNCTION TEST. RAN FINAL SHORT
TEST. NO RELEVANT FAULT CODES FOUND. RIGHT HEADLAMP FUNCTIONS ARE
OPERATIONAL.
```
*******************************************
```

From all of us at Van Nuys European,
thank you for your business. You may receive
a survey based on today's visit, if you're
unable to answer "Exceptional Service",
please speak with our Service Manager.

Thanks again!

| *HAZARDOUS WASTE DISPOSAL COSTS. We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law. | DESCRIPTION | TOTALS |
|---|---|---|
| | LABOR AMOUNT | $ 0.00 |
| | PARTS AMOUNT | $ 0.00 |
| | GAS, OIL, LUBE | $ 0.00 |
| ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. | SUBLET AMOUNT | $ 0.00 |
| | WASTE DISPOSAL COSTS * | $ 0.00 |
| ☐ Some Parts Not Returnable | TOTAL CHARGES | $ 0.00 |
| | LESS INSURANCE | $ 0.00 |
| | SALES TAX | $ 0.00 |
| | PLEASE PAY THIS AMOUNT | $ 0.00 |

☐ Tire pressure check/inflation service was performed.
RF____ psl LF____ psl RR____ psl LR____ psl
☐ Customer declined tire pressure check/inflation service.

By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received (or had the opportunity to inspect any replaced parts as requested by you.

DATE          CUSTOMER SIGNATURE          AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**

CUSTOMER COPY

B.A.R. REG.# 298349   EPA# CAL000456141

**Customer Number: 8745564**

Invoice No: **167327**

*INVOICE*

**LITHIA**

**Keyes European #37**
5400 Van Nuys Blvd, Van Nuys, CA
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service Fax: (747) 233-7522
www.keyesmercedes.com
REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 679811, Dallas Texas 75267-9811

**EDVARD DAMIEOYAN**

Page **1 of 3**

Home:          Bus:          Cell:

Email:

SERVICE ADVISOR: 230846 Kirk Wallace

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|-------|------|------------|-----|---------|------------------|-----|
|       | 23   | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 |         | 9701 / 9702 | TE322 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|-----------|------------|------------|----------|--------|------|---------|-----------|
| 30MAR23   |            |            | 17:00 18JAN24 |    | 0.00 | CASH | 19JAN24 |

| R.O. OPENED | READY | OPTIONS: |
|-------------|-------|----------|
| 16:46 15JAN24 | 11:48 19JAN24 | |

| LINE | OPCODE | TECH | TYPE | HOURS | LIST | NET | TOTAL |
|------|--------|------|------|-------|------|-----|-------|

A CLIENT STATES THE FRONT TURN SIGNAL LEFT AND RIGHT ARE NOT
    WORKING--STATES THE REARS ARE BLINKING FAST--ADVISE
CAUSE: DIAGNOSIS
    DIAG DIAGNOSIS CONCERN
      275061   ISP                                                    (N/C)
PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE A:    0.00
9701 SEE LINE 'B' FOR REPAIR DETAILS
    **********************************************

B CLIENT STATES THE LEFT HEADLAMP IS NOT WORKING--ADVISE
CAUSE: DIAGNOSIS /82B03737 (J3)
    541011 PERFORM QUICK TEST
      275061   W                                                    (N/C)
      1 223-900-47-32 CONTROL UNIT, COMPLETE                        (N/C)
    540650 ON-BOARD POWER SUPPLY VOLTAGE-MAINTAIN
      (WHEN CHECKING/ TESTING AND TROUBLESHOOTING)
      275061   W                                                    (N/C)
    547989 DISCONNECT/CONNECT GROUND LINEOF BATTERY
      FOR 12 V ON-BOARD ELECTRICAL SYSTEM (DURING
      REPAIR OPERATIONS)
      275061   W                                                    (N/C)
    611107 BOTTOM ENGINE/COMPARTMENT PANELING FRONT
      PART COMPLETELYREMOVE/INSTALL
      275061   W                                                    (N/C)
    824089 REPLACE LEFT HEADLAMP RANGE ADJUSTMENT
      CONTROL UNIT (AFTERCHECK) ON VEH. WITH LED
      HEADLAMP
      275061   W                                                    (N/C)
    540991 PROGRAM AND CODE CONTROL UNIT
      .................. (AFTER QUICK TEST)
      275061   W                                                    (N/C)
PARTS:   0.00   LABOR:   0.00   OTHER:   0.00   TOTAL LINE B:    0.00
9701 'Left headlamp range adjustment' has a malfunction CONNECTED
BATTERY MAINTAINER. PERFORMED INITIAL SHORT TEST. FOUND FOLLOWING FAULT
CODE IN E1n14 - Digital headlamp control unit front left (DHLS-CU-VL):

| Original Estimate (Parts & Labor) | Total Estimated Cost Authorized | Approved By: | Date & Time | Authorization Signature | *HAZARDOUS WASTE DISPOSAL COSTS: We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law. | DESCRIPTION | TOTALS |
|---|---|---|---|---|---|---|---|
| | | | | | | LABOR AMOUNT | |
| | | | | | | PARTS AMOUNT | |
| Revised Estimate | | | | | | GAS, OIL, LUBE | |
| | | | | | | SUBLET AMOUNT | |
| | | | | | ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. | WASTE DISPOSAL COSTS | |
| ☐ Tire pressure check/inflation service was performed. | | | | | | TOTAL CHARGES | |
| RF___psi LF___psi LR___psi | | | | | | LESS INSURANCE | |
| ☐ Customer declined tire pressure check/inflation service. | | | | | ☐ Some Parts Not Returnable | SALES TAX | |
| By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received or had the opportunity to inspect any replaced parts as requested by you. | | | | | | PLEASE PAY THIS AMOUNT | |
| DATE | CUSTOMER SIGNATURE | | AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE | | | | |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
*CUSTOMER COPY*

DealerCAP  2014 CDK Global, LLC (01/15) SERVICE INVOICE TYPE 2 - B/C - LIMITED WARRANTIES (3) (CALIFORNIA SCHOOL)   B.A.R. REG.# 298349   EPA# CAL000458141



Customer Number: **8745564**

Invoice No: **167327**

*INVOICE*

**Keyes European #374**
5400 Van Nuys Blvd. Van Nuys, CA 91
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service Fax: (747) 233-7522
www.keyesmercedes.com
REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVI
PO BOX 879811, Dallas Texas 752

**EDVARD DAMIEOYAN**

Page **2 of 3**

Home:                 Bus:                 Cell:
Email:

SERVICE ADVISOR: 230846 Kirk Wallace

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT |
|---|---|---|---|---|---|
|  | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 |  | 9701 / 9702 | TE: |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 30MAR23 |  |  | 17:00 18JAN24 |  | 0.00 | CASH | 19JAN24 |

| R.O. OPENED | READY | OPTIONS: |
|---|---|---|
| 16:46 15JAN24 | 11:48 19JAN24 |  |

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|

U118A00 Communication with control unit 'Left headlamp range
adjustment' has a malfunction. FOUND LI DOCUMENT REGARDING CONCERN,
TOPIC NUMBER LI82.10-P-063837. PERFORMED REPLACEMENT OF Eln14 (RANGE
ADJUSTMENT CONTROL UNIT). DISCONNECTED GROUND LINE FROM BATTERY.
REPLACED Eln14. PERFORMED INITIAL STARTUP. CLEARED FAULT CODES. RAN
SHORT TEST. FOUND VARIOUS FAULT CODES IN Eln9 (LEFT HEADLAMP).
PERFORMED NECESSARY INITIAL STARTUP OF Eln9. CLEARED FAULT CODES. RAN
FINAL SHORT TEST. NO RELEVANT FAULT CODES FOUND. HEADLAMP FUNCTIONS ARE
OPERATIONAL.
*****************************************************

C PERFORM TIRE PRESSURE CHECK
    PSI PERFORM TIRE PRESSURE CHECK
       275061  ISP                                                    (N/C)
PARTS:      0.00  LABOR:      0.00  OTHER:      0.00   TOTAL LINE C:    0.00
*****************************************************
D REMOVE ALL PERSONAL PROPERTY AND VALUABLES FROM YOUR VEHICLE. WE DO
      NOT ASSUME RESPONSIBILITY FOR LOSS OR DAMAGE FOR ARTICLES LEFT
      IN YOUR VEHICLE
    PPD REMOVE ALL PERSONAL PROPERTY AND VALUABLES
        FROM YOUR VEHICLE. WE DO NOT ASSUME
        RESPONSIBILITY FOR LOSS OR DAMAGE FOR
        ARTICLES LEFT IN YOUR VEHICLE
       275061  ISP                                                    (N/C)
PARTS:      0.00  LABOR:      0.00  OTHER:      0.00   TOTAL LINE D:    0.00
*****************************************************
E PERFORM MULTI POINT INSPECTION
    INSP PERFORM MULTI POINT INSPECTION
       275061  ISP                                                    (N/C)
PARTS:      0.00  LABOR:      0.00  OTHER:      0.00   TOTAL LINE E:    0.00
*****************************************************
F** LOANER COURTESY OF KEYES A $200 DEPOSIT IS REQUIRED. NO EXCEPTIONS.
      ALL VEHICLES ARE NON SMOKING AND VIOLATION OF THIS POLICY WILL
      FORFEIT DEPOSIT. TIRE DAMAGE AND PHYSICAL DAMAGE IS THE
      RESPONSIBILITY OF THE CLIENT. 75MILES PER DAY MAXIMUM

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By: | | DESCRIPTION | TOTALS |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | *HAZARDOUS WASTE DISPOSAL COSTS:* We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law. | LABOR AMOUNT |  |
| Revised Estimate |  |  |  |  |  | PARTS AMOUNT |  |
|  |  |  |  |  |  | GAS, OIL, LUBE |  |
|  |  |  |  |  |  | SUBLET AMOUNT |  |
| ☐ Tire pressure check/inflation service was performed. | | | | | | WASTE DISPOSAL COSTS * |  |
| RF___psi LF___psi RR___psi LR___psi | | | | ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. | | TOTAL CHARGES |  |
| ☐ Customer declined tire pressure check/inflation service.       Initials | | | | | | LESS INSURANCE |  |
| By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received (or had the opportunity to inspect any) replaced parts as requested by you. | | | | ☐ Some Parts Not Returnable | | SALES TAX |  |
| DATE | CUSTOMER SIGNATURE | | | AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE | | PLEASE PAY THIS AMOUNT |  |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
*CUSTOMER COPY*          B.A.R. REQ.# 298349    EPA# CAL000458141

Customer Number: **8745564**

Invoice No: **167327**

*INVOICE*

**LITHIA**
**Keyes European #374**
5400 Van Nuys Blvd. Van Nuys, CA 91401
Main: (747) 233-7500
Service Direct: (747) 233-7446
Service Fax: (747) 233-7522
www.keyesmercedes.com

**EDVARD DAMIEOYAN**

Page **3 of 3**

Home:             Bus:             Cell:

Email:

REMIT PAYMENT TO: LITHIA MOTORS SUPPORT SERVICES
PO BOX 679811, Dallas TX 75267-9811

SERVICE ADVISOR: **230846 Kirk Wallace**

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
|  | 23 | MERCEDES-BENZ EQS 45 | 4JGDM2DB7PA000901 |  | 9701 / 9702 | TEE22 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 30MAR23 |  |  | 17:00 18JAN24 |  | 0.00 | CASH | 19JAN24 |

| R.O. OPENED | READY | OPTIONS: |
|---|---|---|
| 16:46 15JAN24 | 11:48 19JAN24 |  |

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|

CAUSE: LOANER COURTESY OF LITHIA KEYES EUROPEAN
LOANER LOANER COURTESY OF KEYES A $200 DEPOSIT IS
REQUIRED. NO EXCEPTIONS. ALL VEHICLES ARE
NON SMOKING AND VIOLATION OF THIS POLICY
WILL FORFEIT DEPOSIT. TIRE DAMAGE AND
PHYSICAL DAMAGE IS THE RESPONSIBILITY OF THE
CLIENT. 75MILES PER DAY MAXIMUM.
275061   ISP                                              (N/C)

PARTS:    0.00   LABOR:      0.00   OTHER:     0.00   TOTAL LINE F:      0.00
***********************************************
From all of us at Van Nuys European,
thank you for your business. You may receive
a survey based on today's visit, if you're
unable to answer "Exceptional Service",
please speak with our Service Manager.

Thanks again!

Mercedes-Benz

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By: | *HAZARDOUS WASTE DISPOSAL COSTS: We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law. | DESCRIPTION | TOTALS |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | LABOR AMOUNT | $ 0.00 |
|  |  |  |  |  |  | PARTS AMOUNT | $ 0.00 |
| Revised Estimate |  |  |  |  |  | GAS, OIL, LUBE | $ 0.00 |
|  |  |  |  |  |  | SUBLET AMOUNT | $ 0.00 |

☐ Tire pressure check/inflation service was performed.
RF___psi LF___psi RR___psi LR___psi
☐ Customer declined tire pressure check/inflation service.

By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received (or had the opportunity to inspect) any replaced parts as requested by you.

| | |
|---|---|
| ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. | |
| ☐ Some Parts Not Returnable | |

| | |
|---|---|
| WASTE DISPOSAL COSTS * | $ 0.00 |
| TOTAL CHARGES | $ 0.00 |
| LESS INSURANCE | $ 0.00 |
| SALES TAX | $ 0.00 |

DATE        CUSTOMER SIGNATURE              AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

| PLEASE PAY THIS AMOUNT | $ 0.00 |
|---|---|

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**
**CUSTOMER COPY**

DealerCAR 2014 CDK Global, LLC   "LIMITED WARRANTIES IS" - CALIFORNIA - 3030027

B.A.R. REG.# 298349   EPA# CAL000458141

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

PLAINTIFF'S COMPLAINT FOR DAMAGES



# THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

January 18, 2024

## VIA CERTIFIED U.S. MAIL

Mercedes-Benz USA, LLC
Customer Assistance Center
1 Mercedes-Benz Dr.
Sandy Springs, GA 30328
Tracking No. 9589 0710 5270 0623 5136 87
2nd copy via U.S. Mail

Sonic Santa Monica M, Inc.
Dba W. I. Simonson
1626 Wilshire Blvd.
Santa Monica, CA 90403

Sonic Santa Monica M, Inc.
Dba W. I. Simonson
4401 Colwick Road
Charlotte, NC 28211

C T Corporation System
c/o Sonic Santa Monica M, Inc.
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

|  |  |
|---|---|
| *Re:* | ***Danielyan, Mariam v. Mercedes-Benz USA, LLC, a Delaware Limited Liability Company; Sonic Santa Monica M, Inc., a California Corporation, doing business as W. I. Simonson*** |
| *Vehicle:* | ***2023 Mercedes-Benz EQS 450+*** |
| *VIN:* | ***4JGDM2DB7PA000901*** |
| *Our File No.:* | ***L240104-3647*** |

Dear Sir or Madam:

Pursuant to California Civil Code 1793.22(b) (3), please be advised that this office represents the above-named individual regarding claims against Mercedes-Benz USA, LLC, a Delaware Limited Liability Company; Sonic Santa Monica M, Inc., a California Corporation, doing business as W. I. Simonson (Collectively "Defendants") pursuant to the California Song-Beverly Consumer Warranty Act ("Lemon Law") and the Federal Magnuson-Moss Warranty Act with regard to the above-referenced vehicle. Please direct all future contacts and correspondences to our office as such.

**Having been formally notified of our representation, you are instructed not to contact our client under any circumstances. Direct all inquiries to this office. If you fail to act in conformity with this directive, injunctive relief will be sought against you.**

**Pursuant to California Civil Code 1794 (d) and/or 15 U.S.C. 2310(d), you are hereby notified that any settlement made with our client requires payment of our attorneys' fees. If**

1



# THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

**you settle directly with our client and do not make arrangements for payment of our attorneys' fees, we will file suit against you. In addition, you are hereby notified of our attorneys' lien.**

There are numerous defects and non-conformities present in my client's automobile for which relief is sought, and numerous attempts to repair the vehicle have been unsuccessful. These defects and non-conformities include, but are not limited to:

1. Defective windshield wiper motor assembly – over one (1) failed repair attempts;
2. Defective instrument cluster software – over one (1) failed repair attempts;
3. Defective driver assistance module software – over one (1) failed repair attempts;
4. Defective power steering control unit software – over three (3) failed repair attempts;
5. Defective steering column module – over three (3) failed repair attempts;
6. Defective left headlight – over two (2) failed repair attempts;
7. Defective front left digital headlamp control unit software – over two (2) failed repair attempts;
8. Defective front right digital headlamp control unit software – over two (2) failed repair attempts;
9. Defective multifunction camera software – over one (1) failed repair attempts;
10. Defective traction system control unit software – over one (1) failed repair attempts;
11. Defective long-range radar – over one (1) failed repair attempts;
12. Any additional complaints made by my client, whether or not they are contained in your company's records or on any repair orders.

The defects and non-conformities listed above constitute a substantial impairment in the use, value and safety of the subject vehicle. Reflected in the records, my client has been most accommodating with respect to the constant and continuing problems with the subject vehicle. As such, on or about January 15, 2024, the subject vehicle started to exhibit various issues and malfunctions. Concerned for her safety, my client towed the subject vehicle to Keyes European (hereafter referred to as "Authorized Dealership") for repairs. As such, the repairs have not been completed yet as of January 18, 2024. In total, to date the subject vehicle has been at the dealership undergoing repairs in excess of one hundred and thirty-three (133) days and it is still unknown if or when the subject vehicle will be repaired. As such, the subject vehicle qualifies for a statutory repurchase under the presumption clause of the Song-Beverly Consumer Warranty Act. This entire time my client has been waiting with the hope that the subject vehicle will be repaired. However, the repairs have been delayed and postponed indefinitely. Thus, the delay is unreasonable, in fact, Mercedes-Benz USA, LLC, through its Authorized Dealership, has failed to perform repairs within a reasonable time. Therefore, there has been a failure and refusal to conform the subject vehicle to its expressed and implied warranties under the law. Because of these defects and non-conformities, my client has justifiably lost confidence in the vehicle and, in fact, is unable to use the subject vehicle at this time. When my client acquired the vehicle, my client did not expect to receive a defective vehicle that would endanger her life.

2



# THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

Therefore, you are hereby notified that my client is revoking acceptance of this vehicle. My client has directed me to demand the cancellation of the contracts and the return of all funds paid towards this vehicle, including any trade-in value given, all collateral charges, finance charges and incidental and consequential damages, plus civil penalties. The subject vehicle clearly meets the definition of a "lemon" under the Song-Beverly Consumer Warranty Act. Defendants are obligated to offer a statutory repurchase/refund. Defendants' failure to do so constitutes a willful breach of the warranty terms and entitles our client to a recovery of civil penalties twice in the amount of the original contracted sum.

Our attorneys' fees are minimal at this stage, and we would prefer to resolve this matter without the need for any more time spent on our part or on the part of your attorneys. Accordingly, if you wish to resolve this matter amicably, please feel free to contact my office. If the matter has not been resolved within thirty (30) days from the date of this letter, a lawsuit will be filed.

Failure to offer a remedy within the herein noted deadline or a unilateral request for or statement of self-granted extension of time for pre-litigation evaluation shall not be acceptable and shall be deemed a refusal to offer a timely remedy under the Song-Beverly Consumer Warranty Act. The only acceptable remedy shall be either an unequivocal offer to provide a statutory refund plus fees or an offer to provide a statutory refund plus fees upon confirmation of the history of listed non-conformities, within the herein stated deadline.

Very truly yours,

*/s/ Hovanes Margarian*

Hovanes Margarian
Attorney at Law

3



**THE MARGARIAN LAW FIRM**

AUTOMOTIVE LITIGATION ATTORNEYS

462 West Colorado Street
Glendale, CA 91204

UNITED STATES POSTAGE

PITNEY BOWES

$000.63⁰

0² JP
0000796913   JAN 22 2024
MAILED FROM ZIP CODE 91204

Sonic Santa Monica M. Inc.
Dba W. I. Simonson
1626 Wilshire Blvd.
Santa Monica, CA 90403

1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud



# THE MARGARIAN LAW FIRM

AUTOMOTIVE LITIGATION ATTORNEYS
462 West Colorado Street
Glendale, CA 91204



UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $000.63⁰
00007082913   JAN 22 2024
MAILED FROM ZIP CODE 91204

1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud

Sonic Santa Monica M, Inc.
Dba W. I. Simonson
4401 Colwick Road
Charlotte, NC 28211



## THE MARGARIAN LAW FIRM

AUTOMOTIVE LITIGATION ATTORNEYS
462 West Colorado Street
Glendale, CA 91204



1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud

Mercedes-Benz USA, LLC
Customer Assistance Center
1 Mercedes-Benz Dr.
Sandy Springs, GA 30328

**CERTIFIED MAIL**

**THE MARGARIAN LAW FIRM**

AUTOMOTIVE LITIGATION ATTORNEYS
462 West Colorado Street
Glendale, CA 91204

9589 0710 5270 0623 5136 87



Mercedes-Benz USA, LLC
Customer Assistance Center
1 Mercedes-Benz Dr.
Sandy Springs, GA 30328

1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud



**THE MARGARIAN LAW FIRM**

AUTOMOTIVE LITIGATION ATTORNEYS

462 West Colorado Street
Glendale, CA 91204

1-866-97-LEMON (1-866-975-3666)·
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $000.63⁰
0000798911   JAN 22 2024
MAILED FROM ZIP CODE 9 204

C T Corporation System
c/o Sonic Santa Monica M, Inc.
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

1 | Hovanes Margarian, SBN 246359
  | hovanesm@margarianlaw.com
2 | Armen Margarian, SBN 313775
  | armenm@margarianlaw.com
3 | Shushanik Margarian, SBN 318617
  | shushanik@margarianlaw.com
4 | THE MARGARIAN LAW FIRM
  | 462 West Colorado Street
5 | Glendale, California 91204
  | Telephone Number: (818) 553-1000
6 | Facsimile Number: (818) 553-1005

7 | Attorneys for Plaintiff
  | MARIAM DANIELYAN

8

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/29/2024 5:26 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Elder, Deputy Clerk

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **THE COUNTY OF LOS ANGELES, WEST JUDICIAL DISTRICT**

11

12 | MARIAM DANIELYAN, an individual,   Case No.:

13 |     Plaintiff,   **PLAINTIFF'S STATEMENT OF DAMAGES**

14 | vs.

15 | MERCEDES-BENZ USA, LLC, a Delaware
   | Limited Liability Company; SONIC SANTA
16 | MONICA M, INC., a California Corporation; and
   | DOES 1 through 30, inclusive,
17 |
   |    Defendants.
18

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

---

PLAINTIFF'S STATEMENT OF DAMAGES

1     NOW COMES Plaintiff MARIAM DANIELYAN, an individual ("Plaintiff"), by and through

2  Plaintiff's attorneys of record, The Margarian Law Firm, with Plaintiff's Statement of Damages against

3  Defendants MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; SONIC SANTA

4  MONICA M, INC., a California Corporation; and DOES 1 through 30, inclusive, alleges and

5  affirmatively states as follows:

## DAMAGES

1. Actual Damages:
   a. Cost of lease pursuant to the Lease Agreement, Thirty-Seven Thousand Two Hundred Forty-Four Dollars and Fifty-Four Cent ($37,244.54).

2. Civil penalties pursuant to Magnuson-Moss Warranty Act, UCC, and California Code:
   a. Twice the actual damages, hence Seventy-Four Thousand Four Hundred Eighty-Nine Dollars and Eight Cents ($74,489.08).

3. Attorneys' fees:
   a. At an hourly rate of Seven Hundred Fifty Dollars and No Cents ($750.00)

4. Costs:

| | |
|---|---|
| Filing Fees | Four Hundred Thirty-Five Dollars and No Cents ($435.00) |
| e-Filing Fees | Twenty-Five Dollars and Eighty-Three Cents ($25.83) |
| Service of Process Fees | One Hundred Sixty Dollars and No Cents ($160.00) |
| Sub-Total | Six Hundred Twenty Dollars and Eighty-Three Cents ($620.83) |

///
///
///
///
///
///
///
///

1         Grand total of One Hundred Twelve Thousand Three Hundred Fifty-Four Dollars and Forty-Five

2    Cents ($112,354.45) plus attorneys' fees to date at time of settlement or judgment. The proposed form of

3    judgment is an immediate cash payment of the aforementioned sums. This Statement of Damages is

4    subject to amendment.

5    DATED: 02/29/2024                                    THE MARGARIAN LAW FIRM
                                                          462 West Colorado Street
6                                                         Glendale, California 91204

7                                                         By /s/ Hovanes Margarian
                                                          Hovanes Margarian
8                                                         Attorney for Plaintiff
                                                          MARIAM DANIELYAN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Hovanes Margarian, SBN 246359; Armen Margarian, SBN 313775 THE MARGARIAN LAW FIRM, 462 West Colorado Street, Glendale, CA 91204 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (818) 553-1000     FAX NO.: (818) 553-1005 EMAIL ADDRESS: Hovanesm@margarianlaw.com ATTORNEY FOR (Name): MARIAM DANIELYAN, an individual | **Electronically FILED by Superior Court of California, County of Los Angeles 2/29/2024 5:26 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Elder, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 1725 MAIN STREET
MAILING ADDRESS: 1725 MAIN STREET
CITY AND ZIP CODE: SANTA MONICA, CA 90401
BRANCH NAME: SANTA MONICA COURTHOUSE

CASE NAME:
MARIAM DANIELYAN v. MERCEDES-BENZ USA, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 24SMCV00935 |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [x] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Nine (9)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 02/29/2024

Hovanes Margarian, Esq.
_____
(TYPE OR PRINT NAME)

▶ /s/ Hovanes Margarian
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.     Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                      **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIAM DANIELYAN v. MERCEDES-BENZ USA, LLC, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIAM DANIELYAN v. MERCEDES-BENZ USA, LLC, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIAM DANIELYAN v. MERCEDES-BENZ USA, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☑ 3701 Contractual Fraud | 1, 2, ③ 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARIAM DANIELYAN v. MERCEDES-BENZ USA, LLC, et al. | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE MARIAM DANIELYAN v. MERCEDES-BENZ USA, LLC, et al. | CASE NUMBER 24SMCV00935 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 1626 Wilshire Blvd. | |
|---|---|---|
| CITY: Santa Monica | STATE: CA | ZIP CODE: 90403 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___West Judicial___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _02/29/2024_                     _____ /s/ Hovanes Margarian _____

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; SONIC SANTA MONICA M, INC., a California Corporation; and DOES 1 through 30, inclusive **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* MARIAM DANIELYAN, an individual | **Electronically FILED by Superior Court of California, County of Los Angeles 2/29/2024 5:26 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Elder, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Santa Monica Courthouse 1725 Main Street, Santa Monica, CA 90401 | CASE NUMBER: *(Número del Caso):* **24SMCV00935** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hovanes Margarian, Esq., SBN 246359; Armen Margarian, Esq., SBN 313775; Shushanik Margarian, Esq., SBN 318617
The Margarian Law Firm, 462 West Colorado Street, Glendale, CA 91204, Tel: (818) 553-1000

| DATE: *(Fecha)* 02/29/2024 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy *(Secretario)* M. Elder *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date):* 3/11/24

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)    **SUMMONS**    Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a. **The Civil Mediation Vendor Resource List**
       If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

       **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

       **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

       **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? ¬Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                                  (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
          (TYPE OR PRINT NAME)

    ➢ _____
          (ATTORNEY FOR PLAINTIFF)

Date:

_____
          (TYPE OR PRINT NAME)

    ➢ _____
          (ATTORNEY FOR DEFENDANT)

Date:

_____
          (TYPE OR PRINT NAME)

    ➢ _____
          (ATTORNEY FOR DEFENDANT)

Date:

_____
          (TYPE OR PRINT NAME)

    ➢ _____
          (ATTORNEY FOR DEFENDANT)

Date:

_____
          (TYPE OR PRINT NAME)

    ➢ _____
          (ATTORNEY FOR _____)

Date:

_____
          (TYPE OR PRINT NAME)

    ➢ _____
          (ATTORNEY FOR _____)

Date:

_____
          (TYPE OR PRINT NAME)

    ➢ _____
          (ATTORNEY FOR _____)

   Print       Save       Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

[ Print ]    [ Save ]                    [ Clear ]

LACIV 036 (new)
LASC Approved 04/11              **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                              Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]   [ Save ]                                              [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                       JUDICIAL OFFICER

[ Print ]      [ Save ]                                    [ Clear ]

1

2

# FILED
LOS ANGELES SUPERIOR COURT

3

MAY 1 1 2011

4

JOHN A. CLARKE, CLERK

5

*N. Navarro*
BY NANCY NAVARRO, DEPUTY

6

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

## FOR THE COUNTY OF LOS ANGELES

9

10

General Order Re
Use of Voluntary Efficient Litigation
Stipulations

11

12

13

)
)
)
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

14

15

16

17

18

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

19

20

21

22

23

24

25

26

27

28

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

_____

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/29/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Elder _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24SMCV00935 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | H. Jay Ford III | O | | ■ | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 02/29/2024                                          By M. Elder                          , Deputy Clerk
      (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06



## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT )<br>— MANDATORY ELECTRONIC FILING )<br>FOR CIVIL )<br> )<br> )<br> )<br>_____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



    KEVIN C. BRAZILE
    Presiding Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7